**Victoria VAN NIEUWENHOVE and Jeanne Van Nieuwenhove, Plaintiffs-Appellants,**

v.

**The CUNARD STEAM-SHIP CO., Limited, etc., Defendant-Appellee. No. 11130.**

United States Court of Appeals, Seventh Circuit.

Oct. 19, 1954.

George C. Rabens, Isadore I. Feinglass, Chicago, Ill., for appellants.

Daniel M. Healy, Walter C. Healy, Chicago, for appellee.

Before MAJOR, FINNEGAN and SCHNACKENBERG, Circuit Judges.

FINNEGAN, Circuit Judge.

In this appeal plaintiffs ask us to reverse an order, entered below, setting aside a jury verdict awarding damages of $5,000 to Victoria Van Nieuwenhove and $1,000 to Jeanne Van Nieuwenhove, respectively. At the close of plaintiffs' evidence and after all the evidence, defendant, The Cunard Steam-Ship Co., Limited, a foreign corporation, moved for a directed verdict. In his order, setting aside that verdict and entering judgment for the defendant, the trial judge stated that defendant's motion for a directed verdict should have been granted. We agree.

During a rough sea, Jeanne Van Nieuwenhove and Victoria Van Nieuwenhove sustained injuries when a ladder came out of slots in the bulkhead of their stateroom and fell on Jeanne who was pitched with the ladder and a chair on to Victoria. Prior to this episode, Victoria had moved the same ladder from its position adjacent to the double-decker berths, where she had previously used it to reach

her upper berth. Victoria shifted this ladder from bedside to bulkhead at Jeanne's request; that she, Jeanne, could get out of the lower bed. There were prongs on the ladder top for the purpose of hanging it in slots on the bulkhead. No evidence that the ladder, metal prongs or hooks, clip, or slots were unsafe or defective appears in this record.

■ Certainly in the state of this record the trial judge was not bound to send plaintiffs' flimsy case to the jury. Yet he followed allowable practice by reserving his decision under Rule 50, Fed.Rules Civ.Proc., 28 U.S.C.A., on defendant's motion for a directed verdict. By taking post-verdict action he saved these parties expense of another trial if we had disagreed with the entry of judgment for the defendant. But this judgment, and trial judge's action, can be verified by a survey of the evidence since it utterly fails to show that plaintiff were injured by defendant's negligence. Even when we construe this evidence in a light most favorable to plaintiffs, accept as true all of their evidence, together with all reasonable inferences reasonably deducible therefrom, one conclusion emerges diametrically opposed to plaintiffs' right to recover. Galloway v. United States, 1943, 319 U.S. 372, 63 S.Ct. 1077, 87 L.Ed. 1458. In our opinion this verdict was not predicated upon substantial evidence.

■ We think it was correct for the trial judge to deny plaintiffs' motion to amend their complaint after verdict and judgment. Their proposed amendment would simply supply opinions of the pleader and his conclusions of law in an effort to bridge the hiatus in the non-existent chain of causation. Such an amendment is neither invited, nor authorized under the liberality manifested by Fed.R.Civ.Proc. 15, 28 U.S.C.A. Apex Smelting Co. v. Burns, 7 Cir., 1949, 175 F.2d 978, 981.

The judgment appealed is affirmed.

Affirmed.