295 F.2d 81
 J. Woodford HOWARD, Trustee for Harris S. Howard and J.
Woodford Howard, Jr., Harris S. Howard, J.
Woodford Howard, Jr., and Henry Fults,
Plaintiffs-Appellants,
v.
HI HAT ELKHORN MINING COMPANY, a corporation, Defendant-Appellee.
 No. 14412.
 United States Court of Appeals Sixth Circuit.
 Oct. 24, 1961.
 
 J. Woodford Howard (of Howard & Francis), Prestonsburg, Ky., for appellants.
 Joe Hobson, Prestonsburg, Ky. (R. D. Davis, Ashland, Ky., on the brief), for defendant-appellee.
 Before MILLER, Chief Judge, and MARTIN and CECIL, Circuit Judges.
 PER CURIAM.
 
 
 1
 On May 1, 1956, appellant-trustee executed a coal lease which granted to the lessee, Henry Fults, the sole and exclusive right of mining all of the No. 3 Elkhorn seam of coal in and underlying a certain tract of land in Floyd County, Kentucky, specifically described therein. By the terms of the lease Fults agreed to pay a royalty of twenty cents for each ton of coal mined and to diligently mine all mineable and merchantable coal of said No. 3 Elkhorn seam. The term of the lease was for a period of four years. No payment of minimum rental or royalties was required. However, the lease provided that if at the end of the four-year term 'all of the mineable and merchantable coal in said seam has not been mined or paid for, Lessee shall then measure up all of the unmined portion of said coal in said No. 3 Elkhorn Seam and pay therefor the rate of royalties herein provided without actually mining said coal, * * *.'
 
 
 2
 Under date of May 21, 1956, lessee Fults assigned the lease to Jacks Creek Mining Corporation, which agreed to be bound by all the provisions of the lease, with the exception of the royalty rate, which was increased to thirty cents per ton.
 
 
 3
 Under date of August 31, 1956, Jacks Creek Mining Corporation assigned the lease to the appellee, Hi Hat Elkhorn Mining Company, which continued the mining of coal thereunder at intervals and paid royalties thereon over a period of some two years.
 
 
 4
 By letter of September 8, 1958, appellee wrote appellants, 'We have encountered mining conditions so very bad that it has been impossible for us to get this coal worked. * * *. We recently got some very good people interested and they brought in a good deal of equipment in addition to our own but we are advised today that they have quit and we just cannot continue as we have in the past. We ask, therefore, that you accept from us a surrender of this lease.'
 
 
 5
 Appellant refused to accept a surrender of the lease and filed the present action under Sections 2201 and 2202, Title 28 U.S.Code, for a declaration of rights, alleging that the remaining coal in the seam was mineable and merchantable and praying that the court so find and grant them a recovery of such sums as they were entitled to under the lease.
 
 
 6
 Appellee, by its answer and counterclaim, stated that the coal in the seam was not mineable or merchantable as defined in the lease and asked that the lease be cancelled.
 
 
 7
 Following the taking of testimoney, the District Judge held that there was no question but that there was good coal in the seam, but that the evidence showed that there was a layer of fire clay immediately on top of the coal of from one to two inches in thickness, that immediately over it was a slate ledge that ranged from a half-inch to four or five inches at times, and that on top of that was another thin layer of fire clay, and that the evidence was overwhelming that the fire clay could not be kept out of the coal. He found that the coal was not merchantable and mineable coal and entered judgment dismissing the complaint. This appeal followed.
 
 
 8
 In our opinion the finding of the District Judge is supported by the evidence, is not clearly erroneous, and must be accepted on this review. Rule 52(a), Rules of Civil Procedure, 28 U.S.C.A.
 
 
 9
 Based upon that finding, the ruling of the District Judge is not erroneous as a matter of law. It is not a question of releasing the appellee from its contract obligation merely because it became unprofitable to continue the mining of coal, contrary to the ruling in Hall v. Eversole's Adm'r, 251 Ky. 296, 309-310, 64 S.W.2d 891. The lease obligation was limited to the mining of mineable and marketable coal.
 
 
 10
 Appellants contend that the appellee, at the time it accepted an assignment of the lease, knew, or by the exercise of reasonable care could have known, all of the pertinent facts about the No. 3 Elkhorn seam, as well as the mining conditions affecting it, but with full knowledge of all of these material facts, continued to hold and operate the lease for a period of more than two years without raising any question as to the mineability of the leased coal, and that by reason thereof it was estopped from now seeking a cancellation of the lease or from asserting that the leased coal was not mineable and merchantable.
 
 
 11
 Although this issue was raised by the reply filed by the appellants, it was not ruled upon by the District Judge. This was because counsel for appellants in his opening statement specifically stated as follows: 'If the Court please, this is an action upon a coal lease and there is only one question on the matter of liability and that is whether or not the remaining coal is mineable and merchantable coal.' The case was heard by the District Judge on that issue alone. We, of course, do not know what additional evidence would have been introduced by the appellee if the issue of estoppel had been injected into the trial. The question of estoppel is not before us on this review. Lively v. Elkhorn Coal Co., 6 Cir., 206 F.2d 396, 399; Apex Smelting Co. v. Burns, 7 Cir., 175 F.2d 978, 982, certiorari denied,338 U.S. 911, 70 S.Ct. 350, 94 L.Ed. 561.
 
 
 12
 The judgment is affirmed.