**HART et al. v. KNOX COUNTY et al.**
Civil Action No. 1072.

United States District Court
E. D. Tennessee, N. D.
May 3, 1948.

On Motion to Amend Complaint and to
Rehear June 26, 1948.

Cates, Fowler, Long & Fowler and Frantz, McConnell & Seymour, all of Knoxville, Tenn., for plaintiffs.

Charles S. Badgett, Jr., of Knoxville, Tenn., for defendant Knox County.

Joseph C. Swidler, Gen. Counsel, TVA, Charles J. McCarthy, Asst. Gen. Counsel, TVA, and J. C. Lovett, Atty., TVA, all of Knoxville, Tenn., for intervenor Tennessee Valley Authority.

Carl A. Cowan, of Knoxville, Tenn., for intervenors Cansler, Bradley, Claiborne, McAdoo, Cooper, Hardin, and Bacon.

TAYLOR, District Judge.

Plaintiffs commenced this action in the Chancery Court of Knox County, Tennessee, the original defendant being Knox

County. Tennessee Valley Authority intervened as a defendant, as did certain individuals, and the cause was removed to this Court on the ground that a federal question was presented and the jurisdictional amount was involved. The original bill prayed for an injunction to restrain Knox County from leasing from the Tennessee Valley Authority, hereinafter called TVA, a tract of land for a recreational park lying along the Tennessee River, or that portion of the river which now comprises the reservoir of Fort Loudoun Dam. This tract was formerly owned by Ada Lucile Hart and Hettie Hart, two of the four plaintiffs, the tract having been severed from the main body of their land and conveyed by them to TVA in fee simple. It is one of many tracts of marginal land acquired by TVA in construction of dams on the Tennessee River and its tributaries, deemed necessary for reservoir purposes, much of it having little utility to TVA beyond protection of the reservoirs and indirectly the safeguarding of the Government's investments. Under authority of the TVA Act as amended, 16 U.S.C.A. § 831c et seq., TVA has leased many acres of its marginal lands to individuals, counties, municipalities, and states, for summer residences and recreational parks, and in this instance it stood ready to make the proposed lease to Knox County.

The case is before the Court on motion of defendants for summary judgment in their favor, under Rule 56 of the Federal Rules of Civil Procedure, on the ground that pleadings and affidavits show there is no genuine issue as to any material fact and that defendants are entitled to judgment as a matter of law. Having considered the pleadings, affidavits, briefs, and arguments of counsel, the Court is of the opinion that the motion should be sustained.

It appears that the County Court of Knox County, Tennessee, adopted a resolution authorizing the lease or purchase of a tract of land suitable for a recreational park, the facilities of the contemplated park to be available to members of the negro race. A park committee appointed in October, 1945, investigated numerous areas in two counties and found ten miles from Knoxville this particular tract which they considered adaptable for boating accommodations, swimming, and similar recreational activities. As the land was owned by TVA, the committee negotiated with TVA for a lease. TVA consented to lease the tract to Knox County, and a lease was prepared for execution. The proposed lease is for a period of about twenty years and contains conditions and covenants similar to those usually found in leases, but especially such conditions and covenants in this case as are regarded as serving to safeguard the objectives for which the land was originally acquired by TVA.

Plaintiffs claim that as taxpayers they have a right to sue for the injunction, and a number of reasons are urged in support of the claim, namely, that plaintiffs will sustain peculiar damage in the form of property depreciation if the park is established; that plaintiffs Ada Lucile and Hattie Hart sold the land in question under a private agreement that it would not be used for a purpose like that here contemplated, because of which agreement TVA holds title to the land subject to a resulting trust; that the Act of Congress which authorized TVA to lease land for recreational purposes is unconstitutional; that Knox County has no statutory authority to establish the kind of park that is here planned; that the proposed park, if established at the designated place, would violate the Knox County zoning regulations; that TVA had no right to acquire the land for park purposes; and that if TVA has no use for the land, it should sell the land, not lease it.

In direct opposition to the motion for summary judgment, plaintiffs claim there are six issues of fact which would exclude a summary judgment as improper; (1) Did TVA buy the land for park purposes? (2) Does TVA have plans to use the land in the future? (3) Has TVA abused its discretion in holding and leasing, instead of selling the land? (4) Did plaintiffs know how the land would be used at the time of its conveyance to TVA? (5) Was there, at the time of the conveyance, an oral understanding as to its non-user for park purposes? (6) Is the land included within the area of Admiral Farragut Memorial Park, which local civic organizations are hoping to establish?

It is not necessary to consider the contentions of plaintiffs at length, as the law is against them on every material point. Little is said in favor of those plaintiffs other than Ada Lucile Hart and Hattie Hart, grantors in the deed by which TVA acquired title to the land and who still own land adjoining that in question. If these plaintiffs are not entitled to the relief sought, the other plaintiffs are entitled to none.

 Having voluntarily conveyed the land in absolute and unrestricted fee simple to TVA, these plaintiffs have no standing now to vary the effect of their conveyance or to inquire into the purposes for which the land was acquired by TVA. McGannon v. Farrell, 141 Tenn. 631, 214 S.W. 432. Essentially this is an attempt by former owners of land to impose upon that land an equitable servitude, restriction, or negative easement, on the theory that the land is about to be devoted to a use excluded by an oral agreement between the grantors and the grantee. This is a right which they do not claim to have reserved by any covenant or restriction in their deed, or by a separate writing of any description, and variation, by parol evidence, of a free and unrestricted grant is not permissible. Stewart v. Phoenix Ins. Co., 77 Tenn. 104; Bryan v. Hunt, 36 Tenn. 543, 544, 70 Am.Dec. 262. Nor can the purposes for which the land was acquired and for which it is held be shown in derogation of the unrestricted nature of the title. If the rule were otherwise, a purchaser of land might find himself the owner of an absolute fee one day and of a restricted fee the next, depending upon a variation of intentions with respect to his use of the land. But the rule is well established that parol evidence is not admissible to contradict or alter a fee simple deed, but that when negotiations have been consummated in a deed they are merged into and superseded by the deed. McGannon v. Farrell, 141 Tenn. 631, 214 S.W. 432; Bedford v. Flowers, 30 Tenn. 242; Ellis v. Hamilton, 36 Tenn. 512; Murphy v. Sun Oil Co., 5 Cir., 86 F.2d 895, certiorari denied 300 U.S. 683, 57 S.Ct. 754, 81 L.Ed. 886; McGinley v. Martin, 8 Cir., 275 F. 267. The primary purpose for which TVA acquired the land is not in issue. It was acquired as marginal land in the acquisition of Fort Loudoun Dam reservoir properties. TVA plans for the future with respect to the land, and whether TVA is acting wisely or unwisely in holding and leasing the land instead of selling it, are matters for legislative or administrative decision and come within the rule applicable to necessity and extent of the acquisition. United States ex rel. TVA v. Welch, 327 U.S. 546, 66 S.Ct. 715, 90 L.Ed 843; United States v. Carmack, 329 U.S. 230, 67 S.Ct. 252, 91 L.Ed. 209. As to whether the land is within an area that might be desired as a memorial park in the future, is immaterial here.

 The conclusion is, that the six suggested issues of fact present questions which plaintiffs may not raise, or upon which proof would be inadmissible. As to statutory authority on the part to Knox County to establish a recreational park, it is sufficient to note that there is such authority. Section 3516.1 et seq., Williams' 1934 Code. Under the zoning regulations of Knox County, this land is included within an agricultural zone, and the use of land within that zone for recreational purposes is permissible. Sections VIII, VI, V, and IV, Zoning Regulations, Knox County Planning Commission, May 1941, Exhibit "A" to plaintiffs' amended bill. Lease of the land by TVA for recreational purposes is authorized by Sec. 4(k) (a) of the TVA Act, as amended, 16 U.S.C.A. § 831c(k) (a).

 Defendants rely upon Article IV, sec. 3, clause 2, of the Constitution as authorizing Congress to grant to TVA authority to lease land for the purposes contemplated in the proposed lease, and they cite United States v. San Francisco, 310 U.S. 16, 60 S.Ct. 749, 84 L.Ed. 1050, and other cases in support of their argument that Sec. 4(k) (a) of the TVA Act is constitutional. It is not necessary for the Court to consider the question of constitutionality. Plaintiffs, as one ground for justifying injunctive relief, claim that they will be peculiarly damaged if the proposed park is established, in that their adjoining lands will be greatly depreciated in value. But where a legitimate business or undertaking is not per se a nuisance, a court of equity will not anticipate injurious consequences and enjoin its operation. Central

Drug Co. v. Adams, 184 Tenn. 541, 201 S. W.2d 682; White v. Gulf Refining Co., 156 Tenn. 474, 2 S.W.2d 414. As plaintiffs have not suffered or been threatened by a direct injury presenting a justiciable issue and justified under Sec. 4(k) (a) of the TVA Act, constitutionality of that section need not, and should not, be considered. Cusack v. City of Chicago, 242 U.S. 526, 37 S.Ct. 190, 61 L.Ed. 472, L.R.A.1918A, 136, Ann.Cas.1917C, 594; City of Allegan v. Consumers' Power Co., 6 Cir., 71 F.2d 477.

The injunction, accordingly, will be denied; defendants' motion for summary judgment in their favor will be sustained, and plaintiffs' suit will be dismissed. Let an appropriate order be prepared.

### On Motion to Amend Complaint and to Rehear

Plaintiffs move to amend their complaint by striking therefrom so much as in effect alleges that TVA acquired the land in question for reservoir purposes and to insert in lieu thereof allegations that TVA acquired the land solely for recreational purposes, that it is not needed for reservoir purposes, that TVA has no plans or projects for the use of the land for other than recreational purposes, and that this land, as well as other small tracts owned by TVA in its vicinity, is not of sufficient size to be a contribution to the general welfare as a park, but that as a park it would be of local character. Plaintiffs pray that the complaint be so amended, and that they be granted a rehearing.

In his argument in support of the motion plaintiffs' counsel has urged that TVA acquired the land in question for recreational purposes and not for reservoir purposes, that such acquisition was illegal, and that this illegality would attach to and invalidate the proposed lease of the land to Knox County. The problem plaintiffs would now present to the Court is essentially a trial of title, the validity or invalidity of which, under the theory they now seek to advance, would depend in large measure on the future use to which TVA intends to put the land. A point advanced in support of the claim of illegality is, that Congress cannot constitutionally authorize the establishment of a local park.

■ If the amendment sought were permissible, it would be under Rule 15 of the Federal Rules of Civil Procedure. Paragraph (a) of the rule provides for amendments before trial. It permits amendment as a matter of course at any time before a responsive pleading is served. Thereafter the pleadings may be amended by leave of court, and the court is admonished to grant amendments freely when justice so requires. When the pleading stage is over, the provisions of paragraph (b) become applicable. This paragraph deals with amendments during the trial, at its completion, and even after judgment. But amendments of this class have the specific purpose of conforming the pleadings to issues raised by express or implied consent during the trial. When a judgment rests upon evidence not responsive to, or at variance with, stated issues, the pleadings may be amended even after judgment in order to conform the pleadings to the evidence and the judgment. Page v. Wright, 7 Cir., 116 F.2d 449; Cabel v. United States, 1 Cir., 113 F.2d 998; Simms v. Andrews, 10 Cir., 118 F.2d 803; Hutchins v. Akron, etc., R. Co., 6 Cir., 162 F.2d 189; Vernon Lumber Corporation v. Harcen Const. Co., 2 Cir., 155 F.2d 348; Chicago Pneumatic Tool Co. v. Ziegler, 3 Cir., 151 F.2d 784.

■ But a different situation is presented here. Plaintiffs would shift their ground and try a new theory of recovery. The effect of the amendment they propose would be not to conform the pleadings to a judgment they have won, but to jeopardize and perhaps to overthrow a judgment they have lost. It is a prime purpose of paragraph (b) to avoid the necessity of new trials because of procedural irregularities, not to set judgments aside and make new trials necessary. If this latter application of the rule were permitted, a losing party, by motions to amend and rehear, could keep a case in court indefinitely, trying one theory of recovery or defense after another, in the hope of finally hitting upon a successful one. Courts draw a dividing line between this use of amendment and those uses aimed at conformity. Simms v. Andrews, 10 Cir., 118 F.2d 803; Sears, Roebuck & Co. v. Marhenke, 9 Cir.,

121 F.2d 598; New York Life Ins. Co. v. Calhoun, 8 Cir., 114 F.2d 526.

Although an amendment of the kind proposed is not sanctioned by the rules of procedure, the Court would be disposed to explore its discretionary powers in search of other sanction, if amendment and rehearing were required in the interest of justice. But substantially all of the arguments pressed here in support of plaintiffs' motion to amend and for a rehearing were urged by them in opposition to defendants' motion for summary judgment.

Except in condemnation cases, where the issue as to public purpose has been raised by the landowners, this Court has declined to inquire into TVA's reasons for acquisitions of particular properties. If title to the land in question were put in issue in the manner and connection now proposed and proof required thereon, the result would be an examination into administrative processes that would carry the case beyond the limits of judicial inquiry. Since TVA acquired the land by voluntary sale and purchase and it is not claimed that there is any inherent defect in the title, establishment of defects on the basis of official intentions, present and future, would require a kind of proof that is not available in this suit.

The Court, therefore, is of the opinion that plaintiff's motion to amend and for rehearing should be denied. An order will be prepared accordingly.