Roger **BURTEN** d/b/a **Rainy Day Games & Toys**, et als.

v.

**MILTON BRADLEY COMPANY.**

Civ. A. No. 81–0331 S.

United States District Court, D. Rhode Island.

Nov. 20, 1984.

Wistow, Barylick & Bruzzi, Inc., Max Wistow, John P. Barylick, Suzanna Mitchell, Providence, R.I., for plaintiff.

Hill, & Barlow, Gael Mahony, John A.D. Gilmore, Thomas Griffith, Boston, Mass., Vetter & White, George M. Vetter, Providence, R.I., for defendants.

### MEMORANDUM & ORDER

SELYA, District Judge.

The above-entitled action was tried in this court, resulting in a jury verdict for the plaintiffs on two counts of a four count complaint.[1] The verdict ($737,054.10) was returned by the jury on April 11, 1984. The plaintiffs and the defendant filed a variety of post-trial motions. On August 14, 1984, in a written rescript, *Burten v. Milton Bradley Co.*, 592 F.Supp. 1021 (D.R.I.1984) (*Burten I*), this court granted the defendant's motion for judgment *non obstante veredicto*, Fed.R.Civ.P. 50(b), but denied its alternative motion for a new trial. The plaintiffs seasonably filed a notice of appeal. The defendant took no cross-appeal. The plaintiffs' appeal is pending before the Court of Appeals for the First Circuit.

Notwithstanding the pendency of their appeal, the plaintiffs filed in this court on November 16, 1984 a motion for relief from the judgment, Fed.R.Civ.P. 60(b),[2] and for leave to amend their complaint, Fed.R. Civ.P. 15(a), (b), by adding thereto a fifth count premised upon Mass. Gen. Laws Ann., ch. 93A, § 11. The procedure which the plaintiffs have employed to raise this contention has been generally sanctioned by the First Circuit in *Puerto Rico v. SS Zoe Colocotroni*, 601 F.2d 39, 42 (1st Cir. 1979). Under the *Colocotroni* model, this court "is directed to review any such motions expeditiously, within a few days of their filing,...." *Id.* The district court is required to "quickly deny those which appear to be without merit," *id.*, and to "issue a brief memorandum," *id.*, if (i) it is inclined to grant the motion, or (ii) it "is unable conscientiously to dispose of the motion within a few days of its filing because it requires further argument, briefing, or the like." *Colocotroni*, 601 F.2d at 42 n. 3.

---

1. During trial, the fraud count was withdrawn and discontinued with prejudice. Fed.R.Civ.P. 41(a)(2). The court directed a verdict in the defendant's favor on the contract count. Fed.R. Civ.P. 50(a). The surviving counts both sounded in tort, viz. (i) a count for unfair competition/common law misappropriation of a trade secret, and (ii) a statutory claim of trade secret misappropriation under Mass.Gen.Laws Ann. ch. 93, § 42.

2. The plaintiffs do not further particularize this aspect of the motion. Presumably, it implicates Rule 60(b)(1) or 60(b)(6). As conceded by plaintiffs' counsel at the November 19 chambers conference, *see* text *post,* it is a cafeteria-style motion, inviting the district court to pick and choose from the buffet of grounds which Rule 60(b) offers.

In the proper conduct of its perceived responsibilities, this court arranged and held a chambers conference on November 19, 1984 in order informally to review the newly-filed motion with all counsel. The court heard the plaintiffs' arguments in support of their motion and the defendant's statement in opposition thereto.

The court's jurisdiction in this case has been premised on 28 U.S.C. § 1332, and the substantive law of Massachusetts has governed. *See Burten I*, 592 F.Supp. at 1022. The facts of this case are exhaustively detailed in *Burten I*, and no useful purpose would be served by rehashing them at this time. *Burten I* similarly limns the theories upon which the plaintiffs proceeded to trial. The additional count which the plaintiffs now seek to inject into the case by post-judgment amendment deals with the previously-litigated fact pattern, and seeks to impose liability on the basis that the defendant's conduct, even if expressly authorized by the contract between the parties, was nevertheless an unfair or deceptive act or method of competition which transgressed § 2(a) of Mass. Gen. Laws Ann. ch. 93A.

Given the time constraints inherent in *Colocotroni*, this court can do little more in respect to the intricacies of the subject motion than summarily to raise some of the obvious questions and to resolve them without the benefit of elaborate research and without regard to the stylistic niceties of formal opinion writing.

First, the plaintiffs' motion insofar as it implicates Rule 60(b) is on shaky ground. If the court accepts each and all of the movants' assertions as true in fact and correct in law, there would be no basis for relief from the judgment heretofore entered. The plaintiffs do not, by this motion, put a new gloss on the initial four counts of their complaint, or on the disposition thereof in the district court. Rather, they assert that a fifth (completely new) count ought in fairness to be added to the complaint, and passed upon by the district court. Viewed in this light, the plaintiffs complain not as to the substance of the judgment previously entered, but as to its finality and completeness: they urge that a further claim for relief, which was neither presented nor passed upon at trial, should also be heard. Their contention thus boils down to a plea that appellate proceedings be abated so that the court may consider their belated motion to amend in order to add a new statement of claim (the so-called Chapter 93A claim).[3]

Viewed as a matter of leave to amend, and being mindful of the liberality which attaches under Fed.R.Civ.P. 15, the court must nevertheless make the following observations:

1. The case was fully tried without reference to the Chapter 93A claim, and the defendant had no reason to protect the record in that regard. Milton Bradley's protest that its trial tactics and quantum of proof would have been vastly different if the Chapter 93A issue was in the case at trial rings true to this court. And, undue prejudice to the non-movant is, of course, material to a consideration of a late-filed Rule 15 motion. *E.g., Waters v. Weyerhaeuser Mortgage Co.*, 582 F.2d 503, 507 (9th Cir.1978).

2. The plaintiffs rely primarily on *Penny v. First National Bank*, 433 N.E.2d 901, 904–06 (Mass.1982), as the touchstone for their newly-emergent Chapter 93A claim. *Penney* was decided by the Massachusetts Supreme Judicial Court a full two years before the trial in this cause. There has been no meaningful showing as to why *Penney* was overlooked by the plaintiffs in advance of trial; nor has any satisfactory explanation been advanced for the plaintiffs' delay in asserting the Chapter 93A claim. This particular cheese becomes all the more binding when it is noted that the other Massachusetts cases cited by the plaintiffs as support for their Chapter 93A thrust are of even earlier vintage. *E.g.,*

---

**3.** The amendment proffered by the plaintiffs in no way seeks to revise *any* of the four counts as to which judgment has entered; nor does it suggest that the judgment was erroneous as to any of those four counts.

*Schubach v. Household Finance Corp.,* 375 Mass. 133, 376 N.E.2d 140, 142 (1978).

3. Implicit in the plaintiffs' attempt to amend is the assumption that their new claim (proposed Count V) could be determined on the existing trial record. That course of action would, in the judgment of this court, be grossly unfair to the defendant. To illustrate briefly, Milton Bradley presented but a single witness in the defense case at the trial. It had designated several other prospective witnesses, including an expert, in its pre-trial filings. Had the defense been pitched to more than the narrowly-focused issue of the disclosure record form (which was, as a matter of law, a full defense to all of the claims asserted at trial, but not a defense to proposed Count V), the court has every reason to believe that the defendant would have called some or all of these additional witnesses. At the very least, even if the motion was granted, it would be necessary to accord the defendant leave to reopen and to allow it to offer evidence designed to meet plaintiffs' neoteric theory. *Cf. MBI Motor Co., Inc. v. Lotus/East, Inc.,* 506 F.2d 709, 713 (6th Cir.1974).

4. The plaintiffs' argument that the Chapter 93A issues were tried "by express or implied consent of the parties," Fed.R. Civ.P. 15(b), is an empty exercise in casuistry. Prior to and during the trial, not a hint of a suggestion was afoot that a Chapter 93A issue might be in the case. Accordingly, neither the parties nor the court addressed any such asseveration. It is true that some evidence relevant to what would be, if allowed now, a Chapter 93A issue was received in the course of the trial; but, this was coincidental at most. There was nothing to put Milton Bradley fairly on notice that Chapter 93A hovered in the wings.

In this sense, the instant case is indistinguishable from *Standard Title Insurance Co. v. Roberts,* 349 F.2d 613, 620–22 (8th Cir.1965). Here, as in *Roberts,*

> The proffered amendment set forth a completely new cause of action, based on a wholly different theory from that alleged in the amended complaint. The fact that the evidence submitted and received at the trial, on the then existing issue raised by the answer and reply, would have been relevant and admissible in the trial of such new cause of action does not mean that the latter was tried by the express or implied consent of the appellee.

*Id.* at 620.

The Eighth Circuit sustained the rejection of the amendment, and based its holding on the following statement of law:

> The purpose of an amendment to conform to proof is to bring the pleadings in line with the actual issues upon which the case was tried; therefore an amendment after judgment is not permissible which brings in some entirely extrinsic issue or changes the theory on which the case was actually tried, even though there is evidence in the record—introduced as relevant to some other issue—which would support the amendment. This principle is sound, since it cannot be fairly said that there is an implied consent to try an issue where the parties do not squarely recognize it as an issue in the trial.

*Id.* at 620–21 (citations omitted), quoting 3 Moore, *Federal Practice,* § 15(b), at 991–92.

The court of appeals concluded:

> By the proffered amendment appellant sought to abandon the trial theory and substitute a cause of action alleging tort and unjust enrichment as the basis for its right of recovery. We are satisfied that appellant has failed to bring itself within the procedural aspects of Rule 15(b).

*Id.* at 621.

*Roberts* aligns itself with the weight of authority on the issue. *E.g., Southwestern Stationery & Bank Supply, Inc. v. Harris Corp.,* 624 F.2d 168, 171 (10th Cir.1980) ("'consent'" may not be implied merely because evidence relevant to a properly pleaded issue incidentally tends to prove an issue not pleaded); *Ellis v. Arkansas Louisiana Gas Co.,* 609 F.2d 436, 440 (10th

Cir.1979), *cert. denied,* 445 U.S. 964, 100 S.Ct. 1653, 64 L.Ed.2d 239 (1980) (same); *McLean-Behm Steel Erectors, Inc. v. Occupational Safety & Health Review Commission,* 608 F.2d 580, 582 (5th Cir.1979). Nor does the fact that the evidence in question went in without objection tip the scales "absent a clear indication that the party who introduced the evidence was attempting to raise a new issue." *International Harvester Credit Corp. v. East Coast Truck,* 547 F.2d 888, 890 (5th Cir. 1977). *See also Cioffe v. Morris,* 676 F.2d 539, 542 (11th Cir.1982) (same, citing *International Harvester*). There is no such indication here—clear or otherwise. The cases which the plaintiffs cite in an effort to justify the extraordinary relief which they seek are largely inapposite. *International Ladies' Garment Workers' Union v. Donnelly Garment Co.,* 121 F.2d 561 (8th Cir.1941), involved remand to consider a proposed amendment to plaintiffs' complaint setting forth an alternative basis of jurisdiction in order to retain common law relief already granted to them. 121 F.2d at 563. The Eighth Circuit had previously found that the original federal question jurisdiction postulated by the plaintiffs was wanting. *International Ladies' Garment Workers' Union v. Donnelly Garment Co.,* 119 F.2d 892, 898 (8th Cir.1941). In *Negrich v. Hohn,* 379 F.2d 213 (3d Cir. 1967), the complaint had been dismissed before trial for failure to state a claim. The Third Circuit affirmed the dismissal, but noted that the affirmance did "not preclude the district court, within its discretion, from permitting the plaintiff to file an amended complaint." *Id.* at 216. In *R.E.B., Inc. v. Ralston Purina Co.,* 525 F.2d 749 (10th Cir.1975), the case had been remanded for a new trial on the issue of damages. More than five weeks prior to the commencement of the new trial, the district court permitted the plaintiff to amend its complaint to augment its theories of damages. As the court of appeals observed: "(t)he most important effect of the amendments was to refine the demands." *Id.* at 752. Noting the absence of prejudice to the defendant, *id.,* the Tenth

Circuit held the amendments to have been properly allowed.

These cases were postured differently from the case at bar, and are readily distinguishable. None of them involved either an effort to relitigate the merits of a controversy after judgment but prior to appellate review, or an attempt to superimpose and afterthought legal theory upon an existing trial record.

The case at bar, procedurally and substantively, is analogous to *Cleary v. Indiana Beach, Inc.,* 275 F.2d 543 (7th Cir. 1960), *cert. denied,* 364 U.S. 825, 81 S.Ct. 62, 5 L.Ed.2d 53 (1960). In *Cleary,* the case was tried on a negligence theory. After verdict, the plaintiff filed a Rule 15(b) motion to amend his complaint to allege wilful misconduct. That motion was denied. The language of the Seventh Circuit is instructive:

> We think it indisputable that the action of the trial judge in denying the motion to amend is unassailable. If Rule 15(b) were applied in the manner in which it is here sought to be used, litigation might never end. We think it obvious that the Rule was not intended to permit a party to amend his pleadings after verdict and, thereby upset the verdict by asserting a new theory which was not included in the original pleadings, and upon which the case was not tried.

> We have previously approved the principle that Rule 15(b) cannot be used in the above fashion. Apex Smelting Co. v. Burns, 7 Cir., 175 F.2d 978, 981. We there quoted and approved the following language from *Hart v. Knox County,* D.C.Tenn., 79 F.Supp. 654, 658:

> > "Plaintiffs would shift their ground and try a new theory of recovery. The effect of the amendment they propose would be not to conform the pleadings to a judgment they have won, but to jeopardize and perhaps to overthrow a judgment they have lost. It is a prime purpose of (15(b)) to avoid the necessity of new trials because of procedural irregularities, not to set judgments aside and make new trials necessary.

If this latter application of the Rule were permitted, a losing party, by motions to amend and rehear, could keep a case in court indefinitely, trying one theory of recovery or defense after another, in the hope of finally hitting upon a successful one."

275 F.2d, at 547.

That *Cleary* is consistent with the law in this circuit is apparent from an examination of Judge Bownes' oft-quoted opinion in *Johnston v. Holiday Inns, Inc.*, 595 F.2d 890, 896 (1st Cir.1979). And, the Eighth Circuit agrees. *See Standard Title Insurance Co. v. Roberts*, 349 F.2d at 620–22.

The plaintiffs' causes of action in this case arose out of events which occurred over a temporal span beginning in late 1979 and culminating in early 1981. The complaint had been pending for some three years at the time of trial.[4] The matter was exhaustively briefed by all parties on the defendant's unsuccessful motion for summary judgment. Under the pre-trial order entered by this court on December 14, 1982, counsel were required to file a Joint Statement listing "all contested issues of law;" that Joint Statement was filed on September 7, 1983 without allusion by any party to the Chapter 93A issue which has now surfaced. The same pre-trial order mandated that each party in its or their pre-trial memorandum "set forth concisely such party's contentions as to the legal issues." The plaintiffs sought and received extensions of time in order to comply with this directive. When finally delivered to the court, their compendious memorandum was bereft of any reference to the Chapter 93A issue. A lengthy trial ensued (March 30, 1984 to April 11, 1984) at which no mention was made of the issue. A quadrat of post-trial motions, raising a potpourri of contentions and counterconten-

tions, engaged the court to the utter exclusion of the Chapter 93A issue. To employ the phraseology of Judge Bownes, "(i)t was not until ... the ball game was over in the district court," *Johnston*, 595 F.2d at 896, that the Chapter 93A thesis was sent up to bat. Such an inordinate delay, lasting well beyond the ninth inning, cannot lightly be countenanced.

Moreover, at this late stage of the proceedings, Milton Bradley would be sorely prejudiced by having been put to trial piecemeal. The court well appreciates that decisions as to whether or not to offer certain witnesses,[5] whether or not to object to proffered testimony and exhibits,[6] whether or not to employ an entirely different strategy, would have been made in a vastly divergent light had the gray eminence of Chapter 93A been before the court. Here, as in *Cioffe v. Morris, supra,* the "defendant was not given a fair opportunity to present a defense relevant to the ... issue and to permit recovery on that basis would be prejudicial." 676 F.2d at 542.

Lastly, the plaintiffs cite to certain dicta in this court's opinion granting the motion for judgment n.o.v. That dicta is accurately quoted: this court did (and does) detect "a persistent hint of inequity," 592 F.Supp. at 1037, in the result. Yet, multiplication of wrongs rarely serves to do justice. This court cannot casually blink at the glaring inequity which would result from the granting of plaintiffs' motion to amend at this advanced date. In this case, as in *Roberts*, "(t)he tactics and strategy of the [defendant] at the trial were doubtless dictated by the then existing state of the pleadings and record." *Standard Title Insurance Co. v. Roberts*, 349 F.2d at 622–23. And, Milton Bradley was lulled into that posture through no incremental fault of its

---

**4.** The complaint was amended at least once, *see* order of February 9, 1983, without regard to the present assertion.

**5.** It should be noted that the defendant has undergone radical corporate changes, and many of its former employees are no longer on its payroll.

**6.** To cite but one example: the defendant, at the very end of the plaintiffs' case, stipulated to much of the proof anent damages. If the defendant's view of the liability picture had been less rosy, Milton Bradley might well have tacked a much different course.

own. To give Burten and Coleman an additional bite at the apple under these circumstances would do far more harm than good. As the First Circuit recently observed:

> To require the district court to permit amendment here would allow plaintiffs to pursue a case to judgment and then, if they lose, to reopen the case by amending their complaint to take account of the court's decision. Such a practice would dramatically undermine the ordinary rules governing the finality of judicial decisions, and should not be sanctioned in the absence of compelling circumstances.

*James v. Watt,* 716 F.2d 71, 78 (1st Cir. 1983), *cert. denied,* —— U.S. ——, 104 S.Ct. 2397, 81 L.Ed.2d 354 (1984).

There are insufficiently compelling circumstances in the case at bar. The court concludes, therefore, that the instant motion, while plainly non-frivolous, is without merit. The motion is DENIED.