DRR, L.L.C., a Delaware Limited
Liability Corporation,
Plaintiff,

v.

SEARS, ROEBUCK AND CO., a New
York corporation, Defendant.

Civil Action No. 94–401 MMS.

United States District Court,
D. Delaware.

Feb. 19, 1997.

Christopher J. Battaglia, of Biggs & Battaglia, Wilmington, for plaintiff.

Donald M. Ransom and Stacey L. Cummings, of Casarino, Christman & Shalk, Wilmington (Stuart J. Lieberman and Robert J. Cash, of Goldshore & Wolf, Plainsboro, NJ, of counsel), for defendant.

## OPINION

MURRAY M. SCHWARTZ, Senior District Judge.

## I. INTRODUCTION & FACTUAL BACKGROUND

In July of 1994, DRR, L.L.C. ("DRR"), filed suit against Sears, Roebuck & Co. ("Sears") for reasons recounted in a recent opinion by this Court. *See DRR, L.L.C., v. Sears, Roebuck & Co.*, 949 F.Supp. 1132 (D.Del.1996). Count I of DRR's complaint alleged fraud, and Count II alleged strict liability. Docket Item ("D.I.") 1. Sears counterclaimed. D.I. 6. In Count I of the counterclaim, Sears alleged DRR is contrac-tually obligated to indemnify Sears from all costs arising from this lawsuit. *Id.* at ¶¶ 1–6. Count II of the counterclaim alleged breach of contract, and Count III alleged DRR breached a duty of good faith and fair dealing it owed to Sears. *Id.* at ¶¶ 7–9, 10–13. As relief for Counts I–III, Sears sought primarily attorneys' fees, along with other unspecified compensatory and punitive damages.

Following an extended period for discovery, Sears filed a motion for partial summary judgment on both counts of DRR's complaint. D.I. 71. DRR responded with a motion for partial summary judgment in its favor on Count I of its complaint—its claim in fraud. D.I. 74. The motions were briefed by both parties. On November 12, 1996, the Court presided over oral argument, during which counsel for both parties exhaustively explored the myriad legal issues surrounding this case. In response to a question during argument, counsel for DRR emphasized that, consonant with the briefing and discovery, DRR was litigating a claim in fraud; he disavowed pursuing a claim of negligent misrepresentation. *DRR*, 949 F.Supp. 1132, 1138.

In a December 16, 1996 opinion and order, this Court denied DRR's motion for summary judgment on its fraud claim and granted Sears' motion for summary judgment as to both counts of DRR's complaint. *DRR*, 949 F.Supp. at 1142; D.I. 89. In addition, since both parties briefed the issue, the Court denied Sears' application for attorneys' fees. *DRR*, 949 F.Supp. at 1142–43.

Two passages in the December 16 opinion are worth noting for present purposes. First, in a footnote, the Court discussed an apposite Delaware case, *Wolf v. Magness Constr. Co.*, 1994 WL 728831 (Del. Ch. Dec. 20, 1994). *DRR*, 949 F.Supp. 1132, 1138. In *Wolf,* this Court noted, the Delaware Chancery Court granted summary judgment on a buyer's fraud claim against a seller, but ordered further briefing on the viability of a claim for negligent misrepresentation. *See DRR*, 949 F.Supp. 1132, 1138. This Court proceeded to note that DRR, unlike the buy-

er in *Wolf*, had "expressly defined his claim as one for fraud." *Id.*

Second, this Court held in its December 16 opinion that DRR had not adduced any evidence Sears possessed the scienter necessary to be held liable for common law fraud. While Sears "may have been sloppy or negligent," this Court wrote, "a higher level of scienter is needed for common law fraud.... Were this a claim of negligent misrepresentation, summary judgment may be inappropriate." *DRR*, 949 F.Supp. at 1141–42. Emboldened by these dicta, DRR has filed a motion: (1) to amend its complaint pursuant to Rule 15(b) of the Federal Rules of Civil Procedure to add a claim of negligent misrepresentation;[1] and (2) to reargue the same evidence submitted with the initial cross-motions for summary judgment, this time in light of a new theory of negligent misrepresentation. For the reasons that follow, DRR's motion will be denied.

## II. LEGAL ANALYSIS

### A. Rule 15(b) Amendment

Rule 15(b) of the Federal Rules of Civil Procedure provides:

> **Amendments to Conform to the Evidence.** When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings. Such amendment of the pleadings as may be necessary to cause them to conform to the evidence and to raise these issues may be made upon motion of any party at any time, even after judgment; but failure to so amend does not affect the results of the trial of these issues. If evidence is objected to at the trial on the ground that it is not within the issues made by the pleadings, the court may allow the pleadings to be amended and shall do so freely when the presentation of the merits of the action will be subserved thereby and the objecting party fails to satisfy the court that the admission of such evidence would prejudice the party in maintaining the party's action or defense upon the merits. The court may grant a continuance to enable the objecting party to meet such evidence.

DRR's putative amendment fits neither the letter nor the spirit of Rule 15(b). The issue of negligent misrepresentation was never tried by consent of the parties, as the text of Rule 15(b) so plainly requires. *See Douglas v. Owens*, 50 F.3d 1226, 1236 (3d Cir. 1995) (holding amendment permitted under Rule 15(b) only if tried by express or implied consent of parties) (quoting 6A CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE & PROCEDURE § 1494 (3d ed. 1990)). Wisely, DRR has not advanced the futile argument of express consent.[2] Instead, DRR argues the theory of negligent misrepresentation has been tried by the implied consent of the parties.

■ This argument is unavailing. In *Douglas v. Owens*, the Third Circuit Court of Appeals adopted three questions which, if answered in the affirmative, determine an issue has been tried by implied consent: (1) whether the parties recognized that the unpleaded issue entered the case; (2) whether the evidence that supports the unpleaded issue was introduced without objection; and (3) whether a finding of trial by implied consent would prejudice the opposing party's opportunity to respond. 50 F.3d at 1236 (quoting *Portis v. First Nat'l Bank*, 34 F.3d

1. The December 16 opinion and order left the case in a rather unusual posture. While DRR's complaint has been dismissed and Sears' application for attorneys' fees and damages has been denied, DRR has not moved for entry of judgment on Sears' counterclaims. Therefore, as a technical matter, the case remains open. Ironically, this made things somewhat easier for DRR; had there been an entry of judgment, DRR would be required to file a Rule 59 motion to vacate the judgment before it could amend. *See Vicom, Inc., v. Harbridge Merchant Servs., Inc.*, 20 F.3d 771 (7th Cir.1994); *see also Cassell v. Michaux*,

240 F.2d 406 (D.C.Cir.1956); *Aircraft Gear Corp. v. Kaman Aerospace Corp.*, 875 F.Supp. 485 (N.D.Ill.1995) (recognizing distinction between motions to amend filed before and after final judgment entered).

2. Indeed, counsel for DRR steadfastly maintained at oral argument that its claim was not a claim for negligent misrepresentation, but a claim for fraud. After first disavowing the theory, DRR can hardly contend both parties have expressly tried it.

325, 332 (5th Cir.1994)). The negative answers to these three questions demonstrate the theory of negligent misrepresentation has not been tried with the implicit consent of DRR and Sears.

█ It would have been impossible for either party to recognize the moment the theory of negligent misrepresentation entered the case—this is so for the simple reason the theory never did enter the case. The theory both sides briefed and argued was fraud. Neither party briefed a negligent misrepresentation claim. Neither side argued it. DRR disavowed it. The Court did not give it any meaningful consideration.

In its briefs, DRR hammers on the fact that much of the evidence in its fraud claim would be relevant to a negligent misrepresentation claim. Since the parties debated much of the evidence as it affected DRR's fraud claim at summary judgment, DRR's argument goes, and that same evidence would be relevant to a negligent misrepresentation theory, then the negligent misrepresentation theory has been tried by the implied consent of the parties, and without objection from Sears. This argument has superficial appeal. But it is, at bottom, false logic. The Third Circuit Court of Appeals has held "an issue has not been tried by implied consent if evidence relevant to the new claim is also relevant to the claim originally pled, because the defendant does not have any notice that the implied claim was being tried." *Id.* DRR has highlighted nothing that would indicate Sears was on sufficient notice it was defending a third count, stealthy and silent, of negligent misrepresentation. Little surprise, then, that Sears uttered no objection to evidence until receiving the motion to amend, or that Sears is claiming the inevitable prejudicial effects of litigating one cause of action for over two-and-a-half years and through summary judgment only to find its opponent has shifted to another legal theory. *See Burten v. Milton Bradley Co.*, 105 F.R.D. 639, 642 (D.R.I.1984) (labeling argument for amendment under Rule 15(b) an "empty exercise in casuistry" and noting "[p]rior to and during the trial, not a hint of a suggestion was afoot that a [state law unfair competition] issue might be

in the case."), *rev'd on other grounds,* 763 F.2d 461 (1st Cir.1985).

Typically, a litigant seeks to amend under Rule 15(b) after successfully arguing at trial some legal or factual matter that was not officially pled. In the usual case, then, amendment fosters the spirit of the rule: "to bring the pleadings in line with the actual issues upon which the case was tried[.]" 3 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE ¶ 15.13[2] (2d ed. 1996). As rehearsed above, this is not the case here. Nor was it in *Hart v. Knox County,* 79 F.Supp. 654 (E.D.Tenn.1948). In *Hart,* as here, plaintiffs lost on summary judgment on one claim, then moved pursuant to Rule 15(b) to conform the evidence to an entirely new claim. *Id.* at 658. The court rejected their attempt as misguided, reasoning:

> [t]he effect of the amendment they propose would be not to conform the pleadings to a judgment they have won, but to jeopardize and perhaps to overthrow a judgment they have lost. If [amendment under 15(b)] were permitted, a losing party, by motions to amend and rehear, could keep a case in court indefinitely, trying one theory of recovery or defense after another, in the hope of finally hitting upon a successful one. Courts draw a dividing line between this use of amendment and those uses aimed at conformity.

*Id.* (citations omitted).

Accordingly, DRR will not be permitted to amend its complaint pursuant to Rule 15(b) of the Federal Rules of Civil Procedure. Nevertheless, that will not end this inquiry. While DRR has made .its motion to amend pursuant only to Rule 15(b), both parties have briefed the underlying principles of amendment not only under Rule 15(b), but also, by implication, under Rule 15(a) of the Federal Rules of Civil Procedure.

**B. Rule 15(a) Amendment**

Rule 15(a) of the Federal Rules of Civil Procedure states, with emphasis added:

> **Amendments.** A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served, or, if the pleading is one to which

no responsive pleading is permitted and the action has not been placed upon the trial calendar, the party may so amend it at any time within 20 days after it is served. *Otherwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires.* A party shall plead in response to an amended pleading within the time remaining for response to the original pleading or within 10 days after service of the amended pleading, whichever period may be longer, unless the court otherwise orders.

*Foman v. Davis,* 371 U.S. 178, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962), is the seminal pronouncement by the United States Supreme Court on Rule 15(a). While committing amendment to the sound discretion of the district court, the Supreme Court declared that leave to amend should be routinely granted under Rule 15(a) absent a reason such as: (1) undue delay; (2) bad faith or dilatory motive, (3) continued failure to cure deficiencies by prior amendments; (4) undue prejudice to the opposition; or (5) futility of amendment. *Id.* at 182, 83 S.Ct. at 230. *See also Riley v. Taylor,* 62 F.3d 86, 90 (3d Cir.1995).

■ Once the allegations of a complaint are determined on the merits, courts regard attempts to amend with a more jaundiced eye. There is no blanket rule that amendment after summary judgment is forbidden. *See Sherman v. Hallbauer,* 455 F.2d 1236 (5th Cir.1972). But unless the litigant seeking to amend can adequately explain why it refrained from asserting its "new" theory until after a substantive merits determination, courts have consistently denied amendment for one or more of the five reasons enumerated in *Foman. See Dussouy v. Gulf Coast Inv. Corp.,* 660 F.2d 594, 598 n. 2 (5th Cir.1981) (holding burden of persuasion on amendment appropriately shifts to movant "if the trial court has disposed of the case on the merits, as in the case of summary judgment or judgment after a full trial."). This is not done cavalierly; there are weighty policy considerations which militate against amendment after an initial determination of the

complaint on the merits. After summary judgment, "the concerns of finality in litigation become more compelling, and the litigant has had the benefit of a day in court, in some fashion, on the merits of his claim." *Id.* As the Fifth Circuit Court of Appeals has explained:

A busy district court need not allow itself to be imposed upon by the presentation of theories seriatim.... Much of the value of summary judgment ... would be dissipated if a party were free to rely on one theory in an attempt to defeat a motion for summary judgment and then, should that theory prove unsound, come back long thereafter and fight on the basis of some other theory.

. . . . . .

We hold that a district court does not abuse its discretion in refusing to allow amendment of pleadings to change the theory of a case if the amendment is offered after summary judgment has been granted against the party, and no valid reason is shown for failure to present the new theory at an earlier time.

*Freeman v. Continental Gin Co.,* 381 F.2d 459, 469–70 (5th Cir.1967) (internal citations omitted).

A battery of courts have either adopted or replicated this reasoning. *See e.g., Briddle v. Scott,* 63 F.3d 364, 379 (5th Cir.) ("[W]e have consistently upheld the denial of leave to amend where the party seeking to amend has not clearly established that he could not reasonably have raised the new matter prior to the trial court's merits ruling."), *cert. denied* —— U.S. ——, 116 S.Ct. 687, 133 L.Ed.2d 531 (1995); *Omni Outdoor Adver., Inc. v. Columbia Outdoor Adver., Inc.,* 974 F.2d 502, 506 (4th Cir.1992) (holding Rule 15(a) "does not afford plaintiffs a tool to engage in the litigation of cases one theory at a time."); *Figgie Int'l, Inc., v. Miller,* 966 F.2d 1178, 1181 (7th Cir.1992) (upholding denial of motion to amend because evidence which formed basis of amended complaint was "available to [movant] well before summary judgment was granted...."); *State Trading Corp. of India, Ltd., v. Assurance-foreningen Skuld,* 921 F.2d 409, 418 (2d Cir.

1990) ("When the moving party has had an opportunity to assert the amendment earlier, but has waited until after judgment before requesting leave, a court may exercise its discretion more exactingly."); *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1192 (7th Cir.1990) (denying motion to amend brought after summary judgment entered because movant "failed to offer any explanation for its delay in seeking an amendment to the complaint."); *Manor Healthcare Corp. v. Guzzo*, 894 F.2d 919, 923 (7th Cir.1990) (upholding denial of motion for leave to amend because movant's "proposed counterclaim is based upon facts of which they admit having knowledge before the district court entered summary judgment."); *Waltman v. International Paper Co.*, 875 F.2d 468, 473–74 (5th Cir.1989) (finding no abuse of discretion in denying motion for reconsideration of order granting partial summary judgment where materials relied upon for reconsideration "were available to [movant] when she opposed ... [the] summary judgment motion ... and she did not give any explanation why she did not include the materials with her motion in opposition to summary judgment.").

Applying these principles to the motion now presented by DRR, the Court finds two reasons leave to amend should be denied: (1) undue delay by DRR in asserting a negligent misrepresentation theory of liability; and (2) the risk of prejudice to Sears. *See Foman*, 371 U.S. at 182, 83 S.Ct. at 230.[3]

### 1. Undue Delay

DRR's delay in filing its motion to amend its complaint to add a count of negligent misrepresentation can only be characterized as "undue." DRR knew the scope of its claim from the very inception of this litigation. It offers no new evidence in support of its motion to amend, nor does it offer any explanation for its failure to assert a negligent misrepresentation theory before summary judgment was entered against it.

Indeed, it relies on the same submissions tendered to this Court in consideration of the cross-motions for summary judgment. *See Aircraft Gear Corp. v. Kaman Aerospace Corp.*, 875 F.Supp. 485, 489 (N.D.Ill. 1995) (considering same factors in denying motion to amend). As the substantial line of precedent outlined above indicates, a movant who offers no adequate explanation for its delay will ordinarily be denied leave to amend.

DRR emphasizes the dicta in this Court's prior opinion. The dicta, DRR argues, indicate summary judgment would be inappropriate on a theory of negligent misrepresentation. Proceeding from this assumption, DRR complains the Court "failed to make any allowance for such amendment." D.I. 92 at 2. In essence, this seems to be DRR's primary justification for amendment. But district courts are under no obligation to *sua sponte* amend the complaints of irresolute litigants. *Bank of Waunakee*, 906 F.2d at 1192. DRR had ample opportunity to seek leave to amend at any point in this litigation before disposition on summary judgment. Instead, as evidenced by counsel's comments at oral argument, it appears DRR made a tactical decision to pursue a fraud claim and forego a negligent misrepresentation claim.[4] DRR was no passive or misunderstood litigant—it had filed a motion for summary judgment on the fraud count of its complaint. In filing such a motion, counsel for DRR represented "as officers of the court, that the case was fully at issue, that all theories of liability and all defenses had been presented, and that the case was ripe for summary treatment." *Pharo v. Smith*, 621 F.2d 656, 664 (5th Cir.1980) (upholding decision to deny plaintiffs' motion for leave to amend filed after court granted summary judgment in favor of one of defendants). DRR will not be permitted to amend; amendment here would enable DRR to transform Rule 15(a) into "an avenue to escape the consequences of its earlier decision on how to

---

3. Because denial of the motion to amend is warranted due to DRR's undue delay and the risk of prejudice to Sears, it is unnecessary to reach the contention by Sears that adding a negligent misrepresentation theory of liability would be futile.

4. Rule 18 of the Federal Rules of Civil Procedure expressly allows a plaintiff to "join, either as independent or as alternate claims, as many claims ... as the party has against an opposing party." Fed.R.Civ.P. 18(A).

litigate this case." *Omni Outdoor Adver., Inc.,* 974 F.2d at 506 (citations omitted).

## 2. Undue Prejudice

█ The Court is not blind to the prejudice inherent in permitting amendment at this late hour, after summary judgment has been granted on each of DRR's claims in its original complaint. On a conceptual level, "[t]rying cases one claim at a time is both unfair to the opposing party and inefficient for the judicial system." *Id.* Further considerations, specific to this case, also render amendment inequitable. This lawsuit was filed in July of 1994. Discovery took over two and one-half years, and spanned several states. Summary judgment motions were filed, memoranda of law drafted, oral presentations conducted. Throughout this time and throughout these events, Sears' actions were dictated largely by the allegations of DRR's complaint—none of which contained as much as a whisper of negligent misrepresentation.

Contrary to DRR's assertions, it is far from certain that evidence submitted in consideration of the initial motion for summary judgment would be sufficient for a subsequent consideration of a negligent misrepresentation theory at either summary judgment or at trial. Sears professes a desire to obtain additional expert testimony to address various standard of care issues encompassed by a negligent misrepresentation claim. This would entail considerable time and expense, of course; further, much of the legal expenses incurred by both parties prior to amendment may have been unnecessary. The potential prejudice to Sears reinforces the conclusion that DRR should be denied leave to amend.

Unlike the cases upon which DRR relies, this case simply does not involve a scenario where a litigant has submitted some argument or evidence in opposition to a summary judgment motion which either did alert or should have alerted the court the litigant was asserting a distinct legal theory. *See Johnson v. Mateer,* 625 F.2d 240 (9th Cir.1980); *Rossiter v. Vogel,* 134 F.2d 908 (2d Cir.1943); *Kane v. Chrysler Corp.,* 80 F.Supp. 360 (D.Del.1948); *see also Barker v. Huang,* 610 A.2d 1341 (Del.1992). *Cf. Adams v. Gould,* 739 F.2d 858, 868 (3d Cir.1984) (holding amendment after summary judgment should have been permitted because plaintiffs raised alternative theory *before* disposition on summary judgment, and merely sought to formalize alternative contention by amending complaint). DRR never raised the alternative theory of negligent misrepresentation until *after* its complaint had been adjudicated on the merits. Indeed, at oral argument, counsel for DRR assured the Court (and Sears) it was not pursuing a negligent misrepresentation claim. DRR's motion for leave to amend the complaint and for reargument will be denied.