RICHARD B. SCHUBACH & another[1] vs.
HOUSEHOLD FINANCE CORPORATION.

Suffolk. February 17, 1978. — April 28, 1978.

Present: HENNESSEY, C.J., QUIRICO, KAPLAN, WILKINS, & ABRAMS, JJ.

*Consumer Protection Act. Practice, Civil, Venue.*

A complaint alleging that the defendant finance company engaged in a
practice of intentionally filing collection actions against consumers in
inconvenient distant courts, with the purpose and effect of securing
default judgments and gaining unfair advantage, stated a claim for
relief under G. L. c. 93A even though the company filed its actions in
compliance with c. 223, § 2. [135-138]

CIVIL ACTION commenced in the Superior Court on
December 13, 1976.

A motion to dismiss was heard by *Lynch,* J., and the case
was reported by him to the Appeals Court. The Supreme
Judicial Court granted a request for direct review.

*Jonathan S. Helman* for the defendant.

*Richard Alpert* for the plaintiffs.

WILKINS, J. The plaintiffs allege that the defendant
Household Finance Corporation (HFC) engages in unfair
acts or practices in violation of G. L. c. 93A, § 2 (*a*), by fil-
ing collection actions in locations inconvenient to HFC's
debtors, for the purpose of precipitating default judgments,
making defense of the actions more difficult, and securing
judgments more favorable to HFC than would otherwise be
the case. HFC contends that its collection actions are
brought in accordance with G. L. c. 223, § 2, as amended
by St. 1975 c. 836, § 2, in District Courts in "the county
where one of the parties lives or has his usual place of

---

[1] Emogine M. Schubach.

business." HFC argues that, because it complies with the venue provisions of G. L. c. 223, § 2, its practice cannot be an unfair one under G. L. c. 93A, § 2 (a). The judge denied HFC's motion to dismiss, based on Mass. R. Civ. P. 12 (b) (6), 365 Mass. 754 (1974), and reported his interlocutory order to the Appeals Court. We granted HFC's application for direct appellate review, and now affirm the interlocutory order.

The plaintiffs have been residents of Holyoke at least since 1972. In April, 1975, they executed a loan contract with HFC at an HFC office in Holyoke. When the plaintiffs failed to make payment on their obligation, HFC filed a collection action against them in the Municipal Court of the City of Boston and served them at their home in Holyoke. The complaint alleges that "[i]t is believed that HFC filed the action in such judicial district for the intentional purpose and with the effect of unfairly placing upon the [plaintiffs] an increased burden of defending the action in an inconvenient forum, in an attempt to secure a default judgment or a more favorable judgment against the [plaintiffs]." The complaint further alleges that "[i]t is believed that HFC has a policy and/or regular practice of filing collection actions in inconvenient fora in Massachusetts with the intent and effect of inconveniencing defendants, precipitating default judgments and/or securing more favorable judgments, and that the instant collection action against the [plaintiffs] is representative of such policy and/or regular practice." The plaintiffs claim that they have incurred monetary loss in long distance telephone calls to their counsel in Boston and in travel to meetings with counsel. They allege a demand on HFC under G. L. c. 93A, § 9 (3), to which HFC has made no timely or reasonable response. They seek a dismissal of the collection action, payment of their additional expenses (trebled pursuant to G. L. c. 93A, § 9 [3]), and reasonable attorney's fees and costs under G. L. c. 93A, § 9 (4).[2]

---

[2] In two other counts, the plaintiffs bring class actions. One is on behalf of persons similarly situated "who have been named by HFC as defend-

The only issue presented, and apparently the only argument advanced below by HFC in support of its motion to dismiss, is whether a practice which is permitted under State law nevertheless can be unfair under G. L. c. 93A.[3] In construing the meaning of "unfair or deceptive acts or practices" in G. L. c. 93A, § 2 (*a* ), we are "guided by the interpretations given by the Federal Trade Commission and the Federal Courts to section 5 (a)(1) of the Federal Trade Commission Act (15 U.S.C. 45 (a)(1))." G. L. c. 93A, § 2 (*b*), inserted by St. 1967, c. 813, § 1. Section 5 (a) (1) of the Federal Trade Commission Act (15 U.S.C. § 45 [a][1] [Supp. 1975]) declares unlawful "[u]nfair methods of competition in or affecting commerce, and unfair or deceptive acts or practices in or affecting commerce."

It is clear that the Federal Trade Commission (commission) regards the commencement of consumer collection suits in courts far from the consumers' homes as an unfair practice. The plaintiffs cite several complaints filed before the commission which have resulted in orders generally directing the respondents to cease and desist from instituting collection suits in any county other than that of the defendant's residence or that in which the defendant executed the contract sued on.[4] The commission issued these orders, some of which applied to companies engaged in nationwide activities, without concern for whether a State statute might authorize the commencement of an action elsewhere.

---

ants in collection actions brought in judicial districts other than where they reside or where they signed the HFC loan contract, which actions either were brought within the past four years or resulted in the entry of a default judgment within the past four years." The other class consists of similar persons in future collection actions. No question concerning these classes is presented to us. The classes have not been certified.

[3] This is the only issue which we consider. Our silence concerning other possible arguments should not be construed as an implicit rejection or acceptance of them.

[4] See, e.g., *In re Commercial Serv. Co.*, 86 F.T.C. 467 (1975); *In re Montgomery Ward & Co.*, 84 F.T.C. 1337 (1974).

In *Spiegel, Inc.* v. *FTC*, 540 F.2d 287 (7th Cir. 1976), the Seventh Circuit Court of Appeals enforced the commission's order enjoining a practice substantially similar to that which HFC used in this case. Spiegel was engaged in the nationwide retail credit sales of goods by mail, and had adopted the practice of suing defaulting out-of-State debtors in Cook County, Illinois, establishing jurisdiction under the Illinois long-arm statute. The court assumed that Spiegel's practice was lawful under Illinois law and recognized that, as to some defendants, Spiegel perhaps could obtain personal jurisdiction. *Id.* at 291. Nevertheless, the court held that the commission had the power to enjoin Spiegel from bringing such suits. *Id.* at 292. It noted that, in *FTC* v. *Sperry & Hutchinson Co.*, 405 U.S. 233 (1972), "the Supreme Court left no doubt that the FTC had the authority to prohibit conduct that, although legally proper, was unfair to the public." *Id.* Previously, the Seventh Circuit Court of Appeals had rejected a claim that a practice, legal under local law, could not be banned under § 5 of the Federal Trade Commission Act. *Peerless Prods., Inc.* v. *FTC*, 284 F.2d 825, 827 (7th Cir. 1960), cert. denied, 365 U.S. 844 (1961). See *Royal Oil Corp.* v. *FTC*, 262 F.2d 741, 743 (4th Cir. 1959).

The fact that the *Spiegel* case involved suits against out-of-State consumers rather than in-State consumers makes no absolute difference in deciding whether the practice of a creditor is unfair. In the *Speigel* case, the court limited its enforcement of the commission's order to out-of-State consumers because they alone were the subject of the complaint. *Spiegel, Inc.* v. *FTC, supra* at 296. The court, however, acknowledged the commission's argument that a limitation of enforcement of the order to out-of-State residents might mean that "Spiegel could sue a Cook County resident in Cairo, Illinois, hundreds of miles away from his residence," but added that "[i]n this extreme example,

such conduct by Spiegel would amount to a violation of Section 5." *Id.* at 296 n.12.[5]

We reject the argument that an act or practice which is authorized by statute can never be an unfair or deceptive act or practice under § 2 (*a*) of G. L. c. 93A. The circumstances of each case must be analyzed, and unfairness is to be measured not simply by determining whether particular conduct is lawful apart from G. L. c. 93A but also by analyzing the effect of the conduct on the public. *Slaney* v. *Westwood Auto, Inc.*, 366 Mass. 688, 693 (1975). *Commonwealth* v. *DeCotis*, 366 Mass. 234, 241-242 (1974). Chapter 93A "created new substantive rights by making conduct unlawful which was not unlawful under the common law or any prior statute." *Id.* at 244 n.8. The fact that particular conduct is permitted by statute or by common law principles should be considered, but it is not conclusive on the question of unfairness. Because HFC supports its motion to dismiss on a ground which is not conclusive on the issue of unfairness, the judge's interlocutory order denying the motion to dismiss was correct. We do not express a view

---

[5] Courts elsewhere have dealt with the question of "distant forum abuse." In *Barquis* v. *Merchants Collection Ass'n of Oakland, Inc.*, 7 Cal. 3d 94 (1972), the Supreme Court of California considered the sufficiency of a complaint alleging a practice of commencing collection actions in distant counties, and held that those allegations, if proven, would warrant injunctive relief. In the *Barquis* case, however, each action was alleged to have been commenced in violation of the California venue statute by a form of complaint which should have, but did not, allege facts demonstrating proper venue. The Supreme Court of Alaska, in *Aguchak* v. *Montgomery Ward Co.*, 520 P.2d 1352 (Alas. 1974), held that a summons served on distant debtors was constitutionally defective because it failed adequately to advise them of their rights and obligations in small claims proceedings, even though venue may have been proper. A Texas Court of Civil Appeals upheld the denial of an injunction against the commencement of collection suits in "distant fora" because the venue statute permitted suit in the courts selected by the defendant. *Vargas* v. *Allied Fin. Co.*, 545 S.W.2d 231 (Tex. Civ. App. 1976). The Texas statute under which the plaintiff proceeded dealt, however, with deceptive acts and not unfair practices. The Texas statute has since been amended to declare the filing of a collection suit in a distant forum to be a deceptive practice. Tex. Bus. & Comm. Code Ann. § 17.46 (b)(21).

whether, on all the circumstances which may be disclosed at trial, HFC's commencing its collection action against the plaintiffs in Suffolk County, rather than in Hampden County, constituted an unfair act or practice under G. L. c. 93A, § 2 (a).

*Interlocutory order denying the motion to dismiss affirmed.*