SUN INSURANCE COMPANY OF
NEW YORK

v.

BOSTON BEEF CO., INC., Fairway
Beef Co., Inc., and S & G
Realty Corp.

Civ. A. No. 86–2380–S.

United States District Court,
D. Massachusetts.

March 26, 1987.

Robert W. Harrington, Serino, Harrington & Vernaglia, Boston, Mass., for plaintiff.

David A. Talman, Worcester, Mass., for defendants.

ORDER ON DEFENDANT BOSTON
BEEF CO., INC.'S AMENDED MO-
TION TO COMPEL PRODUCTION
OF DOCUMENTS (# 06).

ROBERT B. COLLINGS, United States Magistrate.

In this case, the plaintiff seeks a declaratory judgment to the effect that it is not responsible under an insurance policy issued to the defendants to pay for property losses sustained by the defendants to their premises in Worcester during a violent rainstorm on July 31, 1985. The defendants have counterclaimed for the amount of the loss.

The only portion of Defendant Boston Beef Co., Inc.'s Amended Motion To Compel Production Of Documents (# 06) which is in dispute are the documents sought by Boston Beef in support of the allegations contained in Count III of its counterclaim. Count III is entitled "For forum and process abuse" and alleges that as a result of a 93A demand letter and the plaintiff's response thereto denying coverage, the plaintiff knew that the defendants would institute suit in the Worcester Superior Court for the amount of their loss. It is further alleged that the plaintiff com-

menced this declaratory judgment action in the U.S. District Court in Boston:

> ... in order to foreclose the defendants/plaintiffs-in-counterclaim from suing in the most convenient forum to them and to select a forum so distant and inconvenient for the claimants ... that either they would fail to appear or that the cost and inconvenience of the litigation would be so great as to intimidate them and inhibit their participation in the litigation. The conduct of the plaintiff/defendant-in-counterclaim in the within action constitutes forum abuse in violation of the duty of the plaintiff/defendant-in-counterclaim to the defendants/plaintiffs-in-counterclaim and constitutes a violation of Mass.General Laws c. 93A.

Defendants' Answers, Etc. (# 02) at par. 28.

Jurisdiction in this case is based on diversity of citizenship, the plaintiff being a New York corporation with a principal place of business in New York. If Boston Beef had sued in the Worcester Superior Court to recover the amount of the loss, Sun Insurance would have had the right to remove the case to this Court and to file a counterclaim seeking a declaratory judgment.

The plain fact is that regardless of who sued first, Sun Insurance would have had the right to have the matter heard in Federal Court because of diversity of citizenship. I do not believe the exercise of a right conferred by the laws of the United States to have a case heard in the Federal Court can, in these circumstances, be conduct which violates Chapter 93A.

Such cases as *Schubach v. Household Finance Corp.*, 375 Mass. 133, 376 N.E.2d 140 (1978) which are cited by the plaintiff are not on point. In the *Schubach* case, the plaintiff, a resident of Holyoke, alleged that the defendant finance company engaged in an unfair practice in violation of Chapter 93A by instituting a collections suit in Boston even though the contract was executed in Holyoke. Even though a state statute allowed the finance company

to sue in the county in which one of the parties lives or has its usual place of business, the Supreme Judicial Court held that the fact that state statutes allowed the defendant to bring suit in Boston was not determinative and that the plaintiff had stated a claim under Chapter 93A. The Court noted that the Federal Trade Commission had issued cease and desist orders directing organizations not to institute collection suits in any county other than that of the debtor's residence or the county in which the contract was entered into, noting that the Seventh Circuit Court of Appeals in the case of *Spiegel, Inc. v. F.T.C.*, 540 F.2d 287 (7 Cir., 1976) enforced a commission order enjoining such practices. *Id.*, 375 Mass. at 135–136, 376 N.E.2d at 141.

The crucial distinction between such cases as *Schubach* and the instant case is that none of the *Schubach*-type cases dealt with the situation in which a corporation brought suit in Federal court pursuant to a right granted by a Federal statute, i.e. 28 U.S.C. § 1332, and the particular Federal Court in which the action was filed has *in personam* jurisdiction over the defendants. Any claim that Chapter 93A, a state law, prohibits as an unfair practice the bringing of a suit in Federal rather than state court would be void on the ground that a state is without power to penalize the exercise of a right provided by the Constitution and statutes of the United States. Seventy-three years ago, the Supreme Court held that a state did not have the power to revoke a corporation's license to do business in a state because the corporation filed a petition to remove an action from state to Federal court, and in so holding, the Court wrote:

> It may not be doubted that the judicial power of the United States as created by the Constitution and provided for by Congress pursuant to its constitutional authority, is a power wholly independent of state action and which therefore the several States may not by any exertion of authority in any form, directly or indirectly, destroy, abridge, limit or render inefficacious. The doctrine is so elemen-

tary as to require no citation of authority to sustain it.

*Harrison v. St. Louis and San Francisco Railroad Company,* 232 U.S. 318, 328, 34 S.Ct. 333, 335, 58 L.Ed. 671 (1914).

This principal governs the instant case. Any attempt to use a state law such as Chapter 93A to impose civil liability and a money judgment on a corporation because it chose to exercise a right either to bring a case in Federal rather than state court or to remove a case to Federal court would be an indirect attempt to render the judicial power of the United States "inefficacious" and is, therefore, repugnant to the Constitution.

In my judgment, Count III of the defendant's counterclaim fails to state a claim. I shall not permit any discovery with respect to that Count.

It is therefore ORDERED that Defendant Boston Beef Co., Inc.'s Amended Motion To Compel Production Of Documents (# 06) be, and the same hereby is, DENIED.