BARBARA MISTISHEN vs. FALCONE PIANO COMPANY, INC.,
& another.[1]

No. 92-P-1225.

Essex. November 4, 1993. - March 21, 1994.

Present: BROWN, PERRETTA, & KASS, JJ.

*Contract*, Employment. *Public Policy. Employment*, Termination.

An employer's discharge of an employee from her at-will employment in
retaliation for her complaints to her supervisor that their employer's
warranty practices were unfair and deceptive did not violate public pol-
icy, where the employee did not claim that the employer's wrongdoing
put the consumer in harm's way or otherwise presented a threat to pub-
lic health or safety; where there were no material facts in dispute, sum-
mary judgment was correctly entered for the employer. [244-246]

CIVIL ACTION commenced in the Superior Court Depart-
ment on March 20, 1991.

The case was heard by *Margot Botsford*, J., on a motion
for summary judgment.

*Paul A. Manoff* for the plaintiff.
*David C. Casey* for the defendants.

PERRETTA, J. For purposes of determining whether it was
error to allow the defendants' motion for summary judgment,
we assume it true that the defendant Falcone Piano Com-
pany, Inc. (Falcone), discharged the plaintiff, a piano tuner,
from her at-will employment in retaliation for her complaints
to her supervisor, the defendant Brambilla,[2] that Falcone's
warranty practices were unfair and deceptive. Concluding
that the plaintiff's discharge does not violate public policy,
we affirm the judgment.

---

[1]George Brambilla.
[2]The plaintiff's claim against Brambilla for tortious interference with
her employment is also based upon the allegation of retaliatory discharge.

1. *The facts.* When first hired by Falcone in August, 1988, the plaintiff's duties as a piano service technician included various piano assembly tasks, as well as keyboard regulation, tuning, and final preparation of pianos for customers. About two years later, Falcone promoted the plaintiff to the position of marketing technician. Her responsibilities in that position involved preparing pianos for customers, maintaining the pianos in Falcone's showroom, and performing service calls on pianos in customers' homes, frequently in respect to warranty work.

As a marketing technician, the plaintiff began to notice what she believed to be defects in the pianos that Falcone was preparing to sell and in pianos that she serviced in customers' homes. The plaintiff found what she thought to be problems, mostly loose tuning pins, in about forty to fifty pianos. She also disapproved of the repair technique used by Falcone to tighten the tuning pins.

Taking her complaints about perceived defects and poor workmanship to Brambilla, the plaintiff asked that the pianos either be repaired or that she be allowed to inform customers of defects in the pianos. Brambilla and his supervisor told the plaintiff that she should inform them and not customers as to the existence of any defects and that they would deal with any problems if and when a customer came forward with a complaint about a piano.

On March 5, 1991, Brambilla asked the plaintiff to prepare a piano that was to be sold on March 7. On March 6, the plaintiff was late for work, because of personal business, and Brambilla discharged her. It is the plaintiff's claim that the true reason for her discharge was her effort to have Falcone honor its warranties and repair its defective pianos.

There are no material facts in dispute because Falcone, while denying the existence of any imperfections in its pianos, accepts the plaintiff's allegations solely for the purpose of challenging the complaint on summary judgment.

2. *Discussion.* "[A]n at-will employee has a cause of action for wrongful discharge if the discharge is contrary to public policy." *DeRose* v. *Putnam Mgmt. Co.*, 398 Mass.

205, 210 (1986). The "issue whether there was a public policy violation is a question of law for the judge. . . ." *Smith-Pfeffer* v. *Superintendent of the Walter E. Fernald State Sch.*, 404 Mass. 145, 151 (1989), citing *Mello* v. *Stop & Shop Cos.*, 402 Mass. 555, 561 n.7 (1988). The plaintiff argues that because her complaints implicated Falcone's violation of a statute, G. L. c. 93A, she engaged in conduct protected by public policy.

Although the term "public policy" is amorphous, see *Petermann* v. *International Bhd. of Teamsters, Local 396*, 174 Cal. App. 2d 184, 188 (1959), the public policy exception to the at-will employment rule has been made available to employees discharged for performing important public deeds. See *Smith-Pfeffer* v. *Superintendent of the Walter E. Fernald State Sch.*, 404 Mass. at 149-150; *Flesner* v. *Technical Communications Corp.*, 410 Mass. 805, 810-811 (1991). While the importance of a public deed is not determined on the sole basis of whether the law absolutely requires its performance, *ibid.*, such a mandate would bespeak a legislative determination of the importance of the act to the public.

Under c. 93A, unfair acts and practices can range from the annoying to the disastrous. Considering the breadth and flexibility of the coverage provided by the statute, see *Schubach* v. *Household Fin. Corp.*, 375 Mass. 133, 137 (1978), we think it significant that the Legislature chose to create new private and public remedies for consumers without imposing any obligation on employees to report unfair or deceptive acts by their employers. Whether there is public importance in employee complaints about c. 93A violations by their employers must be determined on the basis of the act claimed to be unfair, and deceptive. See *Mello* v. *Stop & Shop Cos.*, 402 Mass. at 560 n.6, where the court assumed without deciding that "whistleblowing based on a reasonable, good faith (but erroneous) belief that the employer is violating the law should be protected in *particular instances*" (emphasis supplied).

The underlying act, which the plaintiff believed to be unfair and deceptive and which she identified as having prompted her to "blow the whistle," was that Falcone was in breach of its warranties, that it was selling "bargain basement pianos" while professing that they were of superior quality. The plaintiff does not claim that Falcone's wrongdoing put the consumer in harm's way or otherwise presented a threat to public health or safety. To the contrary, she concedes in her brief that Falcone, but for its representations, did nothing that the law forbids: "Falcone would be perfectly free under . . . c. 93A to manufacture and distribute poorly crafted cheap pianos as long as it did not represent or warrant that it was doing something else."

While the act performed by the plaintiff might be viewed by some as appropriate and socially desirable, it fell far short of the level of importance necessary to warrant a conclusion that her discharge violates public policy. See *Smith-Pfeffer* v. *Superintendent of the Walter E. Fernald State Sch.*, 404 Mass. at 151; *Wright* v. *Shriners Hosp. for Crippled Children*, 412 Mass. 469, 475-476 (1992). Compare *Flesner* v. *Technical Communications Corp.*, 410 Mass. at 810-811. The plaintiff's claim that she was acting in furtherance of honesty and fairness in the marketplace does not elevate her disagreement with Falcone concerning internal matters, the manner in which it honored its warranties, into protected activity. "[I]f the present facts should be held to qualify a discharged employee for relief, then a new practical definition might have to be given to employments theoretically terminable at will." *Smith-Pfeffer* v. *Superintendent of the Walter E. Fernald State Sch.*, 404 Mass. at 151, quoting from *Gram* v. *Liberty Mut. Ins. Co.*, 384 Mass. 659, 667 (1981).

*Judgment affirmed.*