Merrick, J.
This is an action by former tenants to recover for the defendant-landlord’s alleged overcharging of rent in violation of rent control statutes and G.L.c. 93A.[2]
The commencement of this action and the alleged conduct from which it arose occurred before both the voters’ passage of The Massachusetts Rent Control Prohibition Act, G.L.c. 40 0 in the 1994 election, and the Legislature’s enactment of Chapter 282 of the Acts of 1994. The landlord filed a Dist./Mun. Cts. R. Civ. R, Rule 56 motion for summary judgment on the grounds that these Acts had eliminated the plaintiffs’ claims under both the rent control statutes and G.Lc. 93A The trial court allowed the defendant’s motion, and the plaintiff-tenants have appealed to this Division pursuant to Dist./Mun. Cts. R A. D. A, Rule 8A
The record indicates that in January, 1987, the landlord acquired title to 202 River Street, a building in Cambridge which included two dwelling units consisting of a basement apartment and the house proper. The landlord occupied the basement apartment, and rented the remainder of the house to various groups of tenants. As the previous owner had also been an occupant of the building, the landlord was informed and believed (correctly) that the building was at that time exempt from Cambridge rent control as an owner-occupied, two-family dwelling. St. 1976, c. 36, §3 (b)(6).
In late 1989, the landlord went to California on business, and remained there for five years during which time she resided in various apartments. In 1992, one or more of the plaintiffs leased the house and occupied the premises from November, 1992 through October, 1994. Plaintiff Towan collected the agreed upon rent of $900.00 per month from the other tenants and deposited it to the landlord’s account until March, 1994. At that time, the tenants apparently raised the issue of rent control and stopped paying rent. The rent for the unit had last been adjusted by the Cambridge Rent Control Board in 1980, when it was set at $138.00 per month. The rent was not adjusted thereafter because of the prior owner’s occupancy of the property and its resulting exempt status. When the issue was raised *119 in 1994, the defendant-landlord apparently applied for an adjustment, and the approved rent was raised in April, 1994 to $327.00 per month. The landlord returned from California in September, 1994, and raised the rent to $3,700.00 per month.
1. The plaintiff-tenants assert that they are entitled to recover for the defendant’s violations of the Cambridge rent control statute and regulations because the alleged violations occurred and this suit was brought before the statute was repealed. Rent control in Cambridge was created and enforced under the authority of Chapter 842 of the Acts of 1970, codified as G.L.c. 40 App. Section 13 provided that the Act, and all powers delegated under it, would terminate on April 1,1975. The Act included a “saving” clause, however, which provided that the Act would be considered still in effect for the purpose of permitting suits for violations which had occurred under the Act.[3] After the expiration of Chapter 842, the Legislature enacted Chapter 36 of the Acts of 1976, which permitted Cambridge to continue its rent control program indefinitely. Chapter 36 did not contain a “saving” clause.
In the November, 1994 election, the voters approved an initiative petition enacting G.L.c. 40 O, the Massachusetts Rent Control Prohibition Act, which effectively[4] repealed rent control in Massachusetts as of January 1,1995. To soften the impact of the repeal, the Legislature enacted Chapter 282 of the Acts of 1994 which delayed the repeal as to certain units based on a number of factors which arc inapplicable to both the plaintiffs and the unit involved here. Neither Chapter 40 O, nor Chapter 282, include a “saving” clause.
Chapter 36 of the Acts of 1976 which authorized rent control in Cambridge during the relevant time period stated that its purpose was the alleviation of the effects of a severe rental housing shortage in Cambridge. Indeed, we are aware of no act or statute of the Commonwealth ever authorizing rent control which did not contain a declaration of a similar purpose.
Nayor v. Rent Board of Brookline, 334 Mass. 132 (1956) is virtually identical to the present case. A statute authorizing rent control and including a saving clause was replaced, and rent control was extended by a second statute which did not contain a saving clause. Before the second statute expired, the tenant brought an action alleging a rent control violation. The Supreme Judicial Court held:
The original act provided for termination on June 30, 1954, and contained a clearly stated saving clause... Under this language a right to sue for an overcharge would have been preserved, [citations omitted]. But [the second statute] in terminating [the first statute] without a saving clause effected a complete repeal.
The object of [the first statute] was to relieve the shortage of residential household accommodations ... Its purpose was not to create vested rights. The civil action was purely the creature of the statute. What the *120 Legislature gave it could take away, no vested rights being involved’ [citations omitted].
[T]here no longer exists any right under [the statute] to sue the landlord for the amount of the excess [rents].
Id. at 135-136.
The absence of a saving clause in the relevant Cambridge rent control statute or the statutes fashioning the repeal extinguished nunc pro tunc any claim under the statute for rent overcharging.
2. The plaintiff-tenants also contend that even if their claims under rent control were extinguished retroactively, their G.Lc. 93A claims remain viable. It is certainly true, as they argue, that the absence of a statutory violation does not preclude a finding of an unfair or deceptive practice under G.Lc. 93A, §2. Schubach v. Household Finance Corp., 375 Mass. 133, 137-138 (1978). Neither is a violation of another statute automatically a c. 93A transgression. Mechanics Nat’l Bank v. Killeen, 377 Mass. 100, 109 (1979).
The violation of G.Lc. 93A specified by the plaintiffs in their complaint is the defendant’s “demanding, accepting, receiving, and retaining rent from the plaintiffs in excess of the legal maximum limit.” There are numerous cases in which rent overcharging in contravention of a rent control statute has been found on particular facts to constitute a breach of G.Lc. 93A See. e.g., Rita v. Carella, 394 Mass. 822 (1985); Scofield v. Berman & Sons, 393 Mass. 95 (1984); McGrath v. Mishara, 386 Mass. 74 (1982). The test in this case, however, must be whether the charging of a market rent is an unfair or deceptive act or practice in the absence of a rent control statute. An act or practice will be considered unfair if it is “within the penumbra of a common law, statutory or other established concept of unfairness,” or if it is “immoral, unethical, oppressive or unscrupulous.” Heller Financial v. Insurance Co. of No. America, 410 Mass. 400, 408 (1991). The charging of a market rent is not inherently bad or evil, nor can it be said, in the absence of a rent control statute, to violate the foregoing definition of “unfair.”
With respect to the issue of rent overcharging as a “deceptive” act under G.Lc. 93A the plaintiffs failed to submit a timely affidavit to controvert the defendant-landlord’s averment that she was informed and believed that her property was exempt from rent control. A party is entitled to testify as to her own state of mind, Godbout v. Cousens, 396 Mass. 254, 258-261 (1985); and where, as here, an affidavit as to a party’s own belief is unmet by countervailing materials sufficient to permit an inference to the contrary, summary judgment may be granted on the state of mind issue. Id:, Blare v. Husky Injection Molding Systems Boston, Inc., 419 Mass. 437, 439-440 (1995).
There being no error, the trial court’s allowance of the defendant’s motion for summary judgment is affirmed. The plaintiffs’ appeal is dismissed.

 The complaint also alleged violations of G.L.c. 185, §15B as to the defendant-landlord’s handling of the security deposit. The plaintiffs did not claim that the landlord had failed to return the deposit. In her Rule 56 supporting affidavit, the landlord specifically recited her compliance with the statute’s technical requirements as well as her tender of the security deposit. The motion judge did not consider counter-affidavits by the tenants which were not filed until after the summary judgment hearing, and was not obliged to do so. LoCicero v. Hartford Ins. Group, 25 Mass. App. Ct. 339. 341 n. 2 (1988).

 “This act and all powers delegated herein shall terminate on April the first, nineteen hundred and seventy-five; provided that the provisions of this act shall be treated as still remaining in force for the purpose of sustaining any proper suit, action or prosecution with respect to any right, liability or offense arising under the provisions of this act.” St. 1970, c. 842, §13.

 “No city or town may enact, maintain or enforce rent control of any kind,” except that which (a) is stated to be entirely voluntary after 6 months, (b) does not apply to units with a rental value of over $400.00 or owned by one owning fewer than ten units, and (c) includes compensation by the municipality out of general funds to the owner for the difference between the regulated rent and the market rent. G.L.c. 40 O, §4. Section 5 of G.L.C. 40 O provided: “[T]his chapter shall preempt, supersede or nullify any inconsistent, contrary or conflicting state or local law.”