Merrick, PJ.
This is an action to recover for the defendant-seller’s alleged fraudulent misrepresentation in the sale of her home to the plaintiff-buyer. Summary judgment was entered for defendant Janise Timpone (the “Seller”), and plaintiff John Carleton (the “Buyer”) has appealed pursuant to Dist./Mun. Cts. R. A. D., Rule 8C.
The affidavits of the Buyer and his roofing contractor indicate that the Buyer purchased the Seller’s home at 17 Russell Street, Everett in the summer of 1997. Prior to signing the purchase and sale agreement, the Buyer asked the Seller about a water stain he had noticed on the ceiling of a room in the rear of the second floor. The Seller replied that the stain was due to a leak that had been eliminated when a new roof was installed seven years earlier. After purchasing the property in June, 1997, the Buyer experienced severe leaks in the second floor rear room. As a result, the Buyer replaced the entire roof in the summer of 1998. While the roof was being replaced, the Buyer’s contractor discovered that the old roof installed by the Seller had been laid directly upon charred wood immediately above the second floor rear room. The contractor opined that this was the cause of the extensive roof leaks.[1]
*84 In addition to the affidavits[2] filed by the parties, a copy of the signed purchase and sale agreement was introduced. Paragraph 29 of the agreement stated:
29. WARRANTIES AND REPRESENTATION ACKNOWLEDGMENT.
The BUYER acknowledges that he has not relied upon any warranties or representations not incorporated in this Agreement, except for the following additional warranties or representations, if any, made by either the SELLER or the BROKER.
Immediately following Paragraph 29 is the typewritten entry “None.” Attached to the purchase and sale agreement and incorporated therein is a “Seller’s Description of Property,” signed by the Seller, which consists of fifty-seven questions about the property, and spaces for a “yes,” “no” or “unknown” answer to each question. Question number 46 asked: “History of fire/smoke damage? Explain.” The spaces provided for an answer to that question were left blank.
1. It is certainly true, as the Seller argues, that the failure to make any answer to question no. 46 on the “Seller’s Description of Property” about prior fire damage cannot be taken as an actionable misrepresentation. “Silence does not constitute a basis for claiming fraud and misrepresentation ... even where a seller may have knowledge of some weakness in the subject of the sale and fails to disclose it.” Urman v. South Boston Sav. Bank, 424 Mass. 165, 168 (1997). However, the Seller’s failure to answer question no. 46, while not itself actionable, may raise an inference as to the Seller’s knowledge and intent when she responded to the Buyer’s question about the water stains on the ceiling of the second floor rear room.
Although there may be no duty imposed upon one party to a transaction to speak for the information of the other... if he does speak with reference to a given point of information, voluntarily or at the other’s request, he is bound to speak honestly and to divulge all the material facts bearing upon the point that lie within his knowledge. Fragmentary information may be as misleading ... as active misrepresentation, and half-truths may be as actionable as whole lies....
Kannavos v. Annino, 356 Mass. 42, 48 (1969). Where the Buyer asks a question expressly, there is a “special obligation ... to avoid half truths and to make disclosure. ...” Maxwell v. Ratcliffe, 356 Mass. 560, 562 (1969). Compare Henshaw v. Cabeceiras, 14 Mass. App. Ct. 225, 227-228 (1982).
Viewing the evidence in the light most favorable to the Buyer, and drawing all reasonable inferences in his favor, GTE Products Corp. v. Stewart, 421 Mass. 22, 35 (1995); Ellis v. Safety Ins. Co., 41 Mass. App. Ct. 630, 632 (1996), it could be inferred *85 that when the Buyer asked the Seller about the water stain on the ceiling, the Seller knew that the roof was leaking because it been laid down directly on wood charred by a fire, and that the Seller answered evasively so as not to disclose that fact.
We note also that, with exceptions we have previously discussed, Landis v. Moon, 1996 Mass. App. Div. 118, 120, summary judgment is often inappropriate in cases where motive, intent or other state of mind questions are at issue. Flesner v. Technical Communications Corp., 410 Mass. 805, 809 (1991); Zhang v. Massachusetts Inst. of Tech., 46 Mass. App. Ct. 597, 604 (1999).
2. The Seller also argues that the ‘Warranties and Representations Acknowledgment” in paragraph 29 of the purchase and sale agreement bars the Buyer from maintaining this action. Massachusetts law does not, however, permit a seller’s representations to be avoided by a general disclaimer of them in a written contract. Sheehy v. Lipton Indus., Inc., 24 Mass. App. Ct. 188, 193-194 (1987). We have ruled that precisely this same language constitutes just such an ineffectual general disclaimer. Ajalat v. Cohan, 1998 Mass. App. Div. 266, 268.
The allowance of the defendant’s Rule 56 motion is reversed, summary judgment is vacated, and this case is returned to the Lynn Division for trial.
So ordered.

 The contractor’s affidavit states, in pertinent part: “After removing roofing shingles in that area [of the rear second floor room], we discovered that the wood underlayment to which the roofing materials were nailed had been severely compromised by fire damage at some point in the past. Whoever had installed the existing roof had done so on charred timbers which provided an inadequate foundation for the tarpaper and shingles which served as the roof. Such shoddy construction is improper because it leads to further leaks in due time. We informed the homeowner, Mr. Carleton, of our findings, and photographs of the fire damage were then made to document the situation.” '

 The Buyer included in the record on this appeal an affidavit from a neighbor concerning a fire that took place during the Seller’s occupancy of the property. The affidavit was not obtained until after the summary judgment hearing and, of course, was not before the trial judge. We do not consider that affidavit. “Reliance on facts not before the motion judge is improper. In our review of a motion for summary judgment, we are ‘confined to an examination of the materials before the court at the time the rulings were made.’” Fidelity Mgm. & Research Co. v. Ostrander, 40 Mass. App. Ct. 195, 201 (1996). New information may be brought before the motion judge for reconsideration. Cullen Enterprises, Inc. v. Massachusetts Prop. Ins. Underwriting Assn., 399 Mass. 886, 894-895 (1987). We note that the denial or delay of a summary judgment motion pursuant to Mass. R. Civ. P., Rule 56(f), may be particularly appropriate in a case commenced only one month earlier and which turns on a “state of mind” issue. The plaintiff did not, however, invoke Rule 56(f) before the motion judge or this Division.