Fabricant, J.
INTRODUCTION
This action for wrongful termination is before the Court on the defendant’s motion to dismiss for failure to state a claim for which relief may be granted. Having considered the arguments of counsel, as well as all materials submitted, the Court concludes that the claim as alleged in the complaint falls in an area of uncertainty under present Massachusetts case law, so that it is unclear whether Massachusetts law will afford relief or not. Under these circumstances, the Court is of the view that the issue of law presented will be more appropriately decided after development of a more complete factual record, at the stage of summary judgment. For that reason, the motion to dismiss will be denied.
*396 FACTUAL BACKGROUND
The complaint alleges as follows. Plaintiff Matthew Frost was employed by the defendant TGI Friday’s, Inc., as a bartender at its Dedham restaurant beginning in August 2000. Until March 30, 2001, he had an excellent work record and no difficulties with management. On that date, Frost arrived at work and found that the restaurant’s hot water was not functioning.
According to the complaint, “(i]t is a violation of the state sanitary code for a restaurant to serve food when it does not have functioning hot water.” Frost asked management about the water situation, and “was told that it would be fixed soon.” At 2:30 p.m., however, after the lunch rush, the hot water was still not functioning. “Because the restaurant does not have enough dishes to service the lunch rush without washing the dishes, Plaintiff knew that the restaurant was serving food on plates that had not been washed with hot water.” Frost "informed a regular customer that the hot water was not working and that he did not want to serve him on a plate that was not properly sanitized.” Other customers overheard, and “complained to management that they did not feel safe eating food off those plates.” The manager on duty reprimanded Frost, and told him to speak with the general manager the next day before his shift. The next day, March 31, 2001, the general manager terminated Frost “for having told customers that the hot water was not working." Based on these facts, Frost alleges that his termination “constitutes an unlawful termination in violation of public policy.”
DISCUSSION
In evaluating a motion to dismiss pursuant to Mass.R.Civ.P. 12(b)(6), the Court must accept all well pleaded factual allegations in the complaint as true, and draw all reasonable inferences from those allegations in the plaintiffs favor. See Spinner v. Nutt, 417 Mass. 549, 550 (1994); Jones v. Brockton Pub. Mkts, Inc., 369 Mass. 387, 388 (1975).[1] In light of that standard, the question presented by the motion is whether the facts alleged give rise to a cognizable claim.
Massachusetts recognizes a cause of action for wrongful termination of an at-will employee only where the facts show violation of a clearly established public policy, such as where the employee is terminated for “asserting a legally guaranteed right (e.g., filing workers’ compensation claim), for doing what the law requires (e.g., serving on a jury), or for refusing to do what the law forbids (e.g., committing perjury).” Smith-Pfeffer v. Superintendent of the Walter F. Fernald State School, 404 Mass. 145, 150 (1989); see Hobson v. McClean Hosp. Corp., 402 Mass. 413, 416 (1988) (employee who alleged discharge for enforcing regulations for which she was responsible stated claim). Frost invokes the last of these three alternatives, asserting that his conduct amounted to a refusal to participate in a violation of the state sanitary code. He points out also that his conduct, even if not required by law, served the important public purpose of enabling customers to protect themselves from a potential health hazard. In this regard, he invokes Flesner v. Technical Communications Corp., 410 Mass. 805, 810-11 (1991) (recognizing availability of “redress in certain circumstances for employees terminated for performing important public deeds even though the law does not absolutely require the performance of such a deed”).
The defendant responds by correctly noting the absence of any case recognizing a cause of action for an employee who informs customers, rather than management or law enforcement personnel, of a perceived violation of law. See Shea v. Emmanuel College, 425 Mass. 761, 763 (1997) (cause of action available for employee terminated for reporting violation to supervisor); Flesner, 410 Mass. at 811 (employee fired for cooperation with government investigation stated wrongful discharge claim). See also Smith v. MITRE Corp., 949 F.Supp. 943, 949-51 (D.Mass. 1997) (allegation of termination for internal complaint of law violation sufficient to state claim).
The Massachusetts decision that comes closest to addressing this issue is Mistishen v. Falcone Piano Co. Inc., 36 Mass.App.Ct. 243, 246 (1994). There the employee alleged that she was terminated for urging the employer’s management to make certain disclosures to customers regarding the quality of the employer’s product. In rejecting her complaint as failing to state a claim for termination in violation of public policy, the Appeals Court noted the absence of any allegation that the employer’s “wrongdoing put the consumer in harm’s way or otherwise [presented] a threat to public health or safety.” Here, Frost alleges exactly what the plaintiff in Mistishen did not. Whether the appellate courts will recognize a cause of action based on that allegation remains to be seen. In light of the novelty of the issue, prudence dictates that it be decided on the more complete factual record that will likely be available after discovery, at the stage of summary judgment.
ORDER
For the reasons stated, the defendant’s Motion to Dismiss is DENIED.

 There is room for argument as to whether an assertion regarding the effect of a regulatory provision, such as appears in paragraph six of the complaint, qualifies as an allegation of fact for this purpose, as well as whether the regulations to which the plaintiff refers, copies of which he has provided as attachments to his memorandum in opposition to the present motion, have the effect he attributes to them. The Court gives the plaintiff the benefit of the doubt on both points, and accepts his allegation as an accurate statement of the regulatory requirement for purposes of this motion to dismiss.