Brant, J.
This case asks us to consider whether the statute which repealed rent control also repealed a statute providing for notice to tenants whose apartments are being converted to condominiums.
The facts of the case are not in dispute. Joseph McManus (“McManus”) has been a resident of 501 Cherry Street, Waltham, as a tenant of Fore L. Realty Trust (the “Realty Trust”) for more than fifty years. In 2005, the Realty Trust made a decision to convert the premises to condominiums. To effectuate the process, the Realty Trust sent McManus a notice to terminate his tenancy at will on June 28, 2005, and served McManus with a summary process complaint for eviction on August 15,2005.
McManus defended against the eviction by filing a motion to dismiss on the ground that he had not received the required statutory notice of the Realty Trusfis intent to convert his building to condominiums. The Realty Trust admitted that it had not given McManus statutory notice of its intent to convert the building, but opposed the dismissal motion by arguing that the statute in question requiring notice of intent had been repealed. The trial court disagreed and granted McManus’ motion to dismiss the eviction action. The Realty Trust appealed.
The relevant statutes are the following: By St. 1963, c. 493, the Legislature enacted a comprehensive statute, codified in G.L.c. 183A concerning condominiums. This regulatory scheme, as amended, still governs the creation and management of condominiums in the Commonwealth.
By St. 1983, c. 527, §4(a), the Legislature provided that before a rental property could be converted into condominiums, the owner was required to give each tenant a notice of the intent to convert the property to condominiums, together with a statement of the tenant’s rights. Greater Boston Real Estate Brd. v. City of Boston, 428 Mass. 797, 798 (1999).
Section 4(e) of St. 1983, c. 527 provided that during the notice period required by §4 (a), the property owner was limited in the amount that the tenant’s rent could be raised to a formula based upon increases in the consumer price index.
Rent control came into existence separately. In enacting St. 1970, c. 842, the Legislature found that “a serious emergency existed relative to housing, and permitted localities to adopt a system of rent control. See Clifford V. Miller, Inc. v. Rent Control Board of Cambridge, 31 Mass. App. Ct. 91, 92 (1999). Certain communities, notably Boston, Brookline and Cambridge, took advantage of the enabling statute and created regulatory systems to enforce rent control. See Gross v. Prudential Ins. Co. of America, 48 Mass. App. Ct. 115, 116-117 (1999).
The enactment of rent control legislation and its implementation remained controversial during the time of its existence. In 1994, the voters of the Commonwealth approved an initiative petition which enacted St. 1994, c. 368, the Massachusetts Rent Control Prohibition Act. That statute added Chapter 400 to *131 the General Laws which, inter alia, prohibited any city or town from enacting, maintaining or enforcing rent control. See G.L.c. 400, §4, added by St. 1994, c. 368, §1, which became effective on January 1, 1995. In 1997, the Legislature recognized that an unrelated Chapter 400 was also in the General Laws and reenacted the Rent Control Prohibition Act as G.L.c. 40P. There were no changes in the language adopted by the voters in 1994; the 1997 enactment merely renumbered existing provisions. Gross v. Prudential Ins. Co. of America, supra, at 118 n.2.
In § 3 of G.L. c. 40P, rent control is defined as “(a) any regulation that in any way requires below-market rents for residential properties; and (b) any regulation that is part of a regulatory scheme of rent control as defined in clause (a), including the regulation of ... condominium conversion!.]” The statute forbids any city or town in Massachusetts from enacting, maintaining or enforcing rent control. G.L.c. 40P, §4. In addition, G.L.c. 40P, §5 provides that “]b]ecause rent control is a matter of statewide concern, this chapter shall preempt, supersede, or nullify any inconsistent, contrary or conflicting state or local law.”
In anticipation of the effective date of G.L.c. 400 (now c. 40P), the Legislature enacted St. 1994, c. 282, which was designed to “soften the impact of the repeal!.]” Landis v. Moon, 1996 Mass. App. Div. 118, 119. This transitional statute listed the statutes which were to be repealed by the enactment of G.L.c. 400 (now c. 40P), including the authorizing statutes for the existing rent control regulatory systems in Boston, Brookline and Cambridge. Section 3(e) of St. 1994, c. 282 specifically stated that it excluded St. 1983, c. 527 from among the statutes repealed. Gross v. Prudential Ins. Co. of America, supra, at 118. Thus, the Legislature in St. 1994, c. 282 gave clear indication that St. 1983, c. 527, §4(a), the notice provision for condominium conversions, had survived the enactment of G.L.c. 400.
The Realty Trust argues that the enactment of G.L.c. 40P in 1997 repealed St. 1983, c. 527 because it does not repeat the language of St. 1994, c. 282, §3(e) referring to St. 1983, c. 527 as not being repealed. This somewhat convoluted argument is unavailing. First, the language of the rent control repeal statute, now G.L.c. 40P, was initially enacted by the initiative petition in 1994 which added the same language to the General Laws as G.L.c. 400. Chapter 282 of St. 1994, enacted at the same time as the then c. 400, assumed the continued validity of St. 1983, c. 527 when it specifically stated that it was not repealing that statute. Since Chapter 400, added by St. 1994, c. 368, did not repeal St. 1983, c. 527, the change in numbering of the same statute to its current placement in the General Laws as Chapter 40P did not repeal St. 1983, c. 527 either. In Greater Boston Real Estate Board v. City of Boston, supra, decided in 1999, the Supreme Judicial Court also assumed the continued validity of St. 1983, c. 527 after the enactment of G.L.c. 40R
The general principle of construction is that a statute should be interpreted according to the intent of the Legislature ascertained from the plain language of the statute. Boehm v. Premier Ins. Co., 446 Mass. 689, 690 (2006). Where two or more statutes are being read together, they are to be given full effect as long as they are “not repugnant to each other!.] ” Shrewsbury v. Seaport Partners Ltd. Partnership, 63 Mass. App. Ct. 272, 276 (2005). In order to find that a subsequent law repeals an earlier statute by implication, there must be “pretty strong terms” to support the implied repeal. Brown v. City of Lowell, 49 Mass. (8 Met.) 172, 175 (1844). That is simply lacking here.
In G.L.c. 40P, §2, the purpose of the Rent Control Prohibition Act is stated to be the establishment of a policy “based on the belief that the public is best served by free market rental rates for residential properties....” As noted earlier, G.L.c. 40P, §5 serves to “preempt, supersede or nullify any inconsistent, contrary or conflicting state or local law.” We conclude that the purpose of the St. 1983, c. 527, §4 (a) requirement of notice to tenants of an intent to convert a property to condomini- *132 urns is not inconsistent with the intent of G.L.c. 40P to eliminate and prohibit rent control. The only mention of rent in St. 1983, §527 is found in §4(e), which limits the increase in rent which can be charged tenants during the time period for the conversion notice required by §4(a). While that provision may have been invalidated by the enactment of G.L.c. 40P, there is nothing in c. 40P which invalidates the requirement for the notice to tenants required by St. 1983, c. 527, §4(a).
Accordingly, the judge was correct in applying the notice requirements of St. 1983, c. 527, §4 (a) to McManus’ case and in thereby dismissing the summary process action brought against him.
Affirmed.
So ordered.