G. P. WHITE, *et ux. v.* GULF REFINING COMPANY.[*]

*(Nashville.* December Term, 1927.)

Opinion filed February 18, 1928.

### 1. DEEDS. BUILDING RESTRICTIONS. CONSTRUCTION.

Building restrictions contained in deeds are to be given a fair and reasonable meaning so as to ascertain the intention of the parties, considering the situation of the parties and the surrounding circumstances with a view of ascertaining the meaning intended to be conveyed by the language used, and if the language used is susceptible of different construction that construction is to be adopted which assures the reasonable use of the property for legitimate purposes. (Post, p. 476.)

Citing: Blair v. Billingsley, 7 Tenn. (1 Peck.), 85; Laughlin v. Wagner, 146 Tenn. (19 Thomp.), 655.

### 2. DEEDS. BUILDING RESTRICTIONS. CONSTRUCTION.

A deed containing a building restriction that any residence built on Lots 1 and 2 should face Calvin Avenue was for the benefit of any residence erected on lots fronting on another street so as to prevent the rear of buildings fronting on a street running at right angles to Calvin and their back yard and out houses from being adjacent to and against the sides of the adjoining lot on Calvin Avenue, and cannot be construed so as to forbid indefinitely the use of the property for other legitimate purposes. (Post, p. 477.)

Citing: Peterson v. Gales, 47 A. L. R., 958.

### 3. FILLING STATION. NUISANCE.

A filling station is not a nuisance **per se.** (Post, p. 477.)

### 4. INTENTION. USE OF PROPERTY. THREATENED INJURIES.

A court of equity cannot intervene and award the writ of injunction to interfere with the legitimate use of property upon allegations of threatened injury or a fear that might follow the use to which the property is to be put, where such threatened injury is

altogether dependent upon the manner in which the business is conducted. (Post, p. 477.)

Citing: 7 A. L. R., 771; 26 A. L. R. 944, Note F.

---

*Headnotes 1. Deeds, 18 C. J., section 450; 2. Deeds, 18 C. J., section 450; 3. Deeds, 18 C. J., section 450; 4. Deeds, 18 C. J., section 455 (Anno); 5. Motor Vehicles, 42 C. J., section 1207; 6. Motor Vehicles, 42 C. J., section 1208; 7. Injunctions, 32 C. J., section 22.

---

### FROM DAVIDSON.

---

Appeal from the Chancery Court of Davidson County. —HON. JAMES B. NEWMAN, Chancellor.

JOHN E. FISHER, E. D. BELL and C. H. RUTHERFORD, for complainant.

CHAS. C. TRABUE, for defendant.

MR. JUSTICE COOK delivered the opinion of the Court.

The bill was filed to enjoin the erection of a filling station on lot No. 1 of the Calvin-Davis sub-division at the corner of Calvin Avenue and East Nashville. The cause was heard by the Chancellor upon bill and answer, the injunction was dissolved and no other relief being prayed the bill was dismissed.

Complainants appealed and through assignments of error insist, (1) that the injunction should have been granted as the only means of enforcing covenants in prior conveyances regulating the location and character of buildings that may be erected. (2) Because the erection and maintenance of a filling station on the lot surrounded by residences constitutes a nuisance.

The defendant Gulf Refining Company acquired the lot from M. F. Hainey in 1927 by warranty deed containing no restrictive covenant and in their answer defend-

ants aver that they were ignorant of the provision hereinafter shown to have been embodied in the deed from Kean to Thomas. Hainey acquired the property from Sallie Dorris in 1922, who in 1920 acquired it from H. M. Thomas and wife. This runs the title back to Helen M. Kean and John B. Kean who owned lots Nos. 1, 2, and 3, and who conveyed lots 1 and 2 to Thomas and wife. The conveyance to Thomas and wife contained the provision that any residence built on lots 1 and 2 should face Calvin Avenue. Complainants allege that this provision of the deed is a covenant running with the land and being of record, afforded notice to subsequent purchasers without regard to whether it was carried into their deed.

Lots 1 and 2 lay between lot No. 3 and the Gallatin Road, and in the triangle formed by the intersection of Calvin Avenue and the Gallatin Road. When the defendant Gulf Refining Company acquired lot No. 1 from Hainey, the complainants White and wife were the owners of lot No. 2, and they insist, as stated, that the provision in the deed of Kean to Thomas to the effect that "any residence erected on lots 1 and 2 shall face Calvin Avenue" instead of Gallatin Pike, inures to the benefit of lot No. 2 which they now own.

*(1)* Building restrictions are to be given a fair and reasonable meaning so as to ascertain the intention of the parties, and in discovering the intention it is always necessary to consider the situation of the parties and the surrounding circumstances with a view of ascertaining the meaning intended to be conveyed by the language used. If the language used is susceptible of different constructions that is to be adopted which assures the reasonable use of the property for legitimate purposes. *Blair* v. *Billingsly,* Peck, 85; *Laughlin* v. *Wagner,* 146 Tenn., 655.

*(2)* Admitting that the restrictive words constitute a covenant running with the land and imposing a restriction for the benefit of lot No. 3, they refer only to the location of any residence erected on lots 1 and 2, and were apparently intended to prevent Thomas or a subsequent purchaser from changing the front so as to front residences on the two lots away from Calvin Avenue and upon the Gallatin Road with the rear of the buildings and their back yards and out houses adjacent to and up against the side of lot No. 3 reserved by Kean. That was the apparent intention of the parties to the deed of December, 1919, and the language used cannot be extended by construction beyond the fair meaning which the words convey, and so as to forbid indefinitely the use of the property for other legitimate purposes. *Peterson* v. *Gales,* 47 A. L. R. 958.

The defendant acquired lot No. 1 fronting 102 feet on Calvin Avenue and 153 feet on the Gallatin Road, and constructed a filling station that covers a space 52 feet fronting Calvin Avenue and 82 feet fronting Gallatin Road. This space is enclosed by a lattice fence, and from the fence to complainant's lot it is 40 feet, and to the line of lots 1 and 2 at right angles from Gallatin Road it is 71 feet. All of this space is unoccupied. The record shows that all the gasoline tanks are buried under the ground and protected against the possibility of explosion or contact with fire.

*(3)* A filling station is not a nuisance *per se,* and the facts presented by this record do not sustain the charge of the maintenance of a nuisance on lot No. 1. *(4)* They suggest potential injury and anticipated annoyances. A court of equity cannot intervene and award the writ of injunction to interfere with the use of property for legitimate purposes upon allegations of threatened in-

jury or a fear that might follow the use to which the property is about to be put, where such threatened injury is altogether dependent upon the manner in which the business is conducted. 7 A. L. R. 771, 26 A. L. R. 944, Note F.

We find no error in the decree of the Chancellor and his judgment is affirmed.