IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
August 29, 2001 Session

## NEW COVENANT BAPTIST CHURCH v. PANTHER SARK, ET AL.

Appeal from the Chancery Court for Knox County
No. 140440-3    Thomas R. Frierson, II, Chancellor

FILED FEBRUARY 28, 2002

No. E2000-02930-COA-R3-CV

In this suit New Covenant Baptist Church seeks a declaration that certain restrictions applicable to Technology Park West subdivision do not preclude New Covenant from using one of the lots for driveway purposes to other unrestricted property owned by New Covenant outside the subdivision. Panther Sark, a partnership, and certain other owners of lots in the subdivision were named as Defendants and they filed a counter-complaint seeking a declaration to the contrary. The Trial Court found in favor of New Covenant. We reverse and hold in favor of the partnership and other owners of lots in the subdivision.

**Tenn.R.App.P. 3 Appeal as of Right; Judgment of the Chancery Court Reversed;
Judgment Rendered; Cause Remanded**

HOUSTON M. GODDARD, P.J., delivered the opinion of the court, in which HERSCHEL P. FRANKS and CHARLES D. SUSANO, JR., JJ., joined.

Thomas M. Hale, Knoxville, Tennessee, for the Appellants, Panther Sark, Carter Rome Eddleman Real Estate, LLC, Subland, LLC, and Koontz, Loy & Taylor, LLC

George W. Morton, Jr., Knoxville, Tennessee, for the Appellee, New Covenant Baptist Church

**OPINION**

This is a suit wherein New Covenant Baptist Church seeks a declaration that it is entitled to use a lot which it purchased in Technology Park West Subdivision as a driveway and entrance to other adjoining property owned by it. The Defendants were Panther Sark, a partnership, Carter Rome Eddleman Real Estate, LLC, Subland, LLC, and Koontz, Loy & Taylor, LLC. These Defendants also filed a counter-complaint seeking a declaration to the contrary.

Because resolution of this appeal is a question of law depending upon the construction placed upon the restrictive covenants applicable to the subdivision our review is *de novo* without a presumption of correctness of the Trial Court's determination. Tenn.R.App.P. 13.

The Trial Court accurately sets out the issues raised and facts necessary for disposition of this appeal, which we hereinafter set out along with the applicable covenants to the subdivision, which are germane to our disposition of this appeal:

The primary issues presented for adjudication include (1) whether the recorded protective covenants for Technology Park West subdivision prevent Plaintiff from using a lot within said subdivision as a driveway or other means of access to adjoining unrestricted property and (2) whether the amended protective covenants, subsequently recorded, are valid, binding and enforceable.

## FACTUAL BACKGROUND

Plaintiff, New Covenant Baptist Church, an African American Southern Baptist Convention church, undertook development plans for a new church site in approximately June, 1998. Desirous of moving from their current location of 209 Canton Hollow Road, Knoxville, Tennessee, church officials considered several possible locations, including certain acreage located along Alvin Starky Lane. The primary location considered by the church in the development of its initial phase facilities was a parcel containing approximately 8.9 acres owned by Harold D. Ritter and others, Trial Exhibit 1A. Believing access to this tract via Reliability Circle to be easier and more aesthetically conducive to church purpose, Plaintiff purchased an adjoining 1.69 acre tract from Sharon Messer Hembree. Plaintiff's composite acquisition included a third parcel designated as Lot 3R1-3 of Technology Park West subdivision, Trial Exhibit 1A.[1] Lot 3 was purchased by the church from Bedrock Properties LLC by deed dated August 24, 1998.

Lot 3 of Technology Park West subdivision is a re-subdivided area of Technology Park subdivision located in the 6th Civil District of Knox County, Tennessee, Trial exhibit 1B and Exhibit 1C. The named Defendants comprise all of the remaining owners of lots in Technology Park West subdivision. It is undisputed that the subject premises are affected by the recorded protective covenants for both Technology Park subdivision and Technology Park West subdivision, Trial Exhibit 2 and Trial Exhibit 3.

In connection with Plaintiff's acquisition of Lot 3 in Technology Park West subdivision, a preponderance of the evidence supports a finding of the following chronology of events:

| | |
|---|---|
| 5/10/79 | Recordation of protective covenants for Technology Park Subdivision |
| 10/8/87 | Incorporation of New Covenant Baptist Church Inc. |

_____

[1] For ease of reference, Lot 3R1-3 shall hereinafter be referred to as Lot 3. (Footnote in original.)

-2-

| | |
|---|---|
| 5/23/96 | Creation of protective covenants for Technology Park West Subdivision |
| 7/30/96 | Recordation of protective covenants for Technology Park West Subdivision |
| 8/6/97 | Contract between Panther Sark and Bedrock Properties LLC for Lot 3R1-3 |
| 8/14/97 | Deed from Panther Sark to Bedrock Properties LLC for Lot 3R1-3 |
| 6/22/98 | Contract between Bedrock Properties LLC and Plaintiff for purchase of Lot 3 |
| 6/24/98 | Contract between Ritter and Plaintiff for purchase of 8.9 acre tract |
| 6/24/98 | Contract between Bedrock Properties LLC and Plaintiff for purchase of Lot 3 |
| 6/25/98 | Letter from Tennessee Technology Corridor Development Authority |
| 7/8/98 | Letter from Panther Sark indicating that it was inclined to grant Plaintiff's requested use of Lot 3 |
| 7/17/98 | Letter from Panther Sark to Mike Fuller objecting to Plaintiff's requested use of Lot 3 |
| 7/21/98 | FAX transmission of letters dated 7/8/98 and 7/17/98 to Realty Executives |
| 7/30/98 | Contract between Hembree and Plaintiff for purchase of 1.69 acre tract |
| 8/21/98 | Amended covenant for Technology Park West Subdivision established |
| 8/21/98 | TAX transmission of amended protective covenants from Panther Sark to Attorney Howard G. Hogan |
| 8/23/98 | Congregational meeting of Plaintiff wherein decision was made to purchase Lot 3 |
| 8/24/98 | Amended covenants for Technology Park West Subdivision recorded |
| 8/24/98 | Purchase of Lot 3 by Plaintiff from Bedrock Properties LLC |
| 8/25/98 | Recordation of warranty deed from Bedrock Properties LLC to Plaintiff |
| 8/27/98 | Meeting between Plaintiff and Defendant property owners |
| 9/25/98 | Letter from Panther Sark to Plaintiff denying request to use property as access to adjoining tract. |
| 9/29/98 | Recordation of warranty deed from Ritters to Plaintiff |
| 9/29/98 | Recordation of warranty deed from Hembree to Plaintiff. |

Upon inquiry by Bedrock Properties LLC, Defendant Panther Sark, as the original developer of Technology Park West subdivision, considered the request by Plaintiff that Lot 3 be permitted for use as a driveway and/or means of access to the church's adjoining unrestricted property from Reliability Circle. By letter dated July 8, 1998, directed to the remaining property owners of the subdivision,

Donald K. Lorenzo, on behalf of Defendant, Panther Sark, indicated an inclination to grant said request, Trial Exhibit 8. The remaining subdivision owners responded by indicating their general opposition to the use of Lot 3 in this fashion. As a result, Mr. Lorenzo retreated from his initial position by communicating to the agent of Bedrock Properties LLC that Panther Sark could not approve plans for use of Lot 3 as contemplated by the Plaintiff, Trial Exhibit 18.

Notwithstanding the Defendants' stated position, the Plaintiff, by and through counsel, proceeded to consummate its acquisition of Lot 3. Learning of an impending closing date for the transfer of title between Bedrock Properties LLC and Plaintiff, the Defendant, Panther Sark, through Mr. Lorenzo, prepared and filed for recordation an amended declaration of protective covenants, designed to specifically preclude the use of any lot for vehicular access to real property located beyond the perimeter boundaries of Technology Park West subdivision. The amended declaration of protective covenants was filed on the same day as, but shortly before, the closing between Bedrock Properties LLC and Plaintiff. The corporate warranty deed evidencing the transfer of title was filed for public record the following day.

## PERTINENT PARTS OF RESTRICTIVE COVENANTS

WHEREAS, in order to achieve the highest quality in site design, building arrangement, landscaping and maintenance, and traffic circulation, and to protect the rights and interests of purchasers of lots, owners of property and occupants of buildings in the park from incompatible uses and structures, declarant desires to impose certain conditions and restrictions upon the use of the property in Technology Park.

1.  Establishment of Restrictions. Declarant hereby declares that Technology Park is now and shall be subject to the protective covenants hereinafter set forth for the benefit of the owner and occupant of each and every building site within Technology Park, which covenants shall be binding upon the heirs, successors and assigns of declarant and of any owner and occupant thereof.

2.  Purpose and Function of the Covenants. The purpose of these protective covenants is to insure proper development and use of each building site within Technology Park and to assure a means of enforcement of the restrictions herein below stated so as to protect each such site against improper development and use of other sites as might depreciate the value of any site, to prevent the erection of structures of unsuitable design or built of improper materials, to prevent inharmonious improvements, to secure and maintain adequate setbacks from streets and adequate free

-4-

space between structures and in general to provide for a higher quality of improvement of Technology Park.

. . . .

4.  Uses.

A.  Permitted Uses.  Uses of building sites within Technology Park shall be for one or more of the following: athletic club or facilities, banks and all types of financial institutions, churches, electrical appliances and equipment assembly, electronic equipment assembly and manufacturing, instrument and meter manufacturing, libraries, medical and dental clinics, museums, offices, office supply outlets, optical goods manufacturing, post offices, research and development, and water treatment equipment and chemical process equipment assembly and manufacturing.

B.  Conditional Uses.  (permitted only upon written approval of declarant): commercial services, hotels and motor hotels, light industrial distribution enterprises, personal services, public utilities, restaurants, retail stores, and other such conditional uses not permitted in 4A above as in the sole opinion of the declarant conform to the intended character of Technology Park.

C.  Uses Not Permitted.  Uses which in general will not be permitted are:  any business or activity not permitted in 4A above that does not lend itself to the character of the property in the sole opinion of the declarant, who in making such determination may consider among other factors, the following: noise or sound that is objectionable because of volume, duration, intermittence, beat or shrillness; smoke; obnoxious odors; dust, dirt, or flyash; noxious, toxic or corrosive fumes; unusual fire or explosion hazards; and unsightly debris.

. . . .

11.  Constructive Notice and Acceptance.  Upon recordation of this declaration in the office of the Register of Deeds for Knox County, every person or entity who or which nor or hereafter owns or acquires any right, title, estate or interest in any portion of said property is and shall be conclusively deemed to have consented and agreed to every covenant, condition and restriction contained herein whether or not any reference to this declaration is contained in the instrument by which such person or entity acquired an interest in said property.

. . . .

15.   Prior Nonconforming Use.  These restrictions shall not apply to any use of the property or any portion thereof being presently made on the date of recordation of these restrictions.

16.   Restrictions.  Declarant, in its sole discretion, reserves the right to amend this declaration until all the lots have been sold, at which time, the association shall have the right to amend by majority vote.

## REVISED SEC. 4 C.

C.   Uses Not Permitted.  Uses which in general will not be permitted are:  any business or activity not permitted in 4A above that does not lend itself to the character of the property in the sole opinion of the declarant, who in making such determination may consider among other factors, the following: noise or sound that is objectionable because of volume, duration, intermittence, beat or shrillness; smoke; obnoxious odors; dust, dirt, or flyash; noxious, toxic or corrosive fumes; unusual fire or explosion hazards; and unsightly debris. No lot or portion thereof shall be used for vehicular access to any property outside of this development and no easement shall be granted for access to or egress from any property outside of this development.  No roadway shall be built across any lot that would connect Reliability Circle to any roadway outside of this development.  (Revision in Sec. 4C underlined.)

In resolution of this appeal we recognize that under our case law restrictive covenants-- being in derogation of the right of unrestricted use of property--are to be strictly construed against the party seeking to enforce them.  This proposition of law was enunciated some 75 years ago in the case of Emory v. Sweat, 9 Tenn. Ct. App.  167 (1927), which was reaffirmed by this Court in a 1995 opinion, Beacon Hills Homeowners Association v. Palmer Properties, Inc., 911 S.W.2d 736 (Tenn. Ct. App. 1995).  Notwithstanding this rule, however, this Court has held in Jones v. Englund,, 870 S.W.2d 525 (Tenn. Ct. App.  1993), quoting from Waller v. Thomas, 545 S.W.2d 745 (Tenn. Ct. App.  1976),  the following (870 S.W.2d at 529):

[T]he court is required to give a fair and reasonable meaning to restrictive covenants in order to determine the parties' intention and once the intention of the parties is ascertained, the covenant will be enforced, provided it serves a legitimate purpose and does not constitute a nuisance per se. *White v. Gulf Refining Co.*, 156 Tenn. 474, 2 S.W.2d 414 (1928).

While it seems clear to us that the restrictions contemplate buildings on each of the subdivision lots, and though it is true the restrictions do permit churches, it was contemplated it would be church buildings, not driveways to other church property.  We believe this result is particularly compelling in light of the purpose stated in the restrictions of the subdivision, as well as particular direction given as to construction of the buildings contemplated.  (See Appendix for copy of original restrictions.)

We also note that in an unreported opinion of this Court, <u>Burnett v. Hamby</u>, filed in Nashville on November 19, 1997, (LEXIS 846), a case strikingly similar to the one on appeal, this Court affirmed the trial court's finding that use of a lot in a residential subdivision for a driveway to unrestricted property outside the subdivision violated the subdivision restrictions. The case at bar presents a stronger argument in favor of the Defendants' position in that in <u>Burnett</u> the restriction prohibited any use "except for residential purposes." Here we have a restriction which permits "churches," but not use for "church purposes." Another case, <u>Lapray v. Smith</u>, 804 S.W.2d 87 (Tenn. Ct. App. 1990), also enjoined the use of a lot within a subdivision as a driveway for unrestricted property outside of the subdivision.

We also observe that under the Chancellor's decree there is nothing to prevent New Covenant from subdividing its 9.8-acre tract transferring lots, together with an easement, to other churches which would enable them to use the lot in question as a driveway.

In view of our resolution relative to the original restrictions imposed, we pretermit the issue regarding the purported amendment to the covenants--which came to the attention of New Covenant prior to its committing to purchase lot 3--that specifically prohibits the use of any lot as a driveway for property outside the subdivision.

For the foregoing reasons the judgment of the Trial Court is reversed and a judgment is entered finding the proposed use of Lot 3 a violation of the original restrictive covenants.

The case is remanded for collection of costs below, which are, as are costs of appeal, adjudged against New Covenant Baptist Church.

_____
HOUSTON M. GODDARD, PRESIDING JUDGE